**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

David Sieverding and Kay Sieverding     )
641 Basswood Ave. Verona, WI 53593     )
608 848 5721                                                  )          **11-cv-01032-RBW**
v.                                                                 )
United States Department of Justice        )

Motion for decision as to whether the 09-0562 and 11-090 are cases related to 11-
cv-01032

      The plaintiffs have no objection to adjudication by Judge Walton. From what

they have read on the Internet, Judge Walton sounds like an excellent judge.

However, because their statement of related cases was lost and not filed, they would

appreciate a prompt decision on whether their complaint falls into the restrictions

of LCvR 40.5. Plaintiffs also have no objection to adjudication by Judge Bates, whom

they believe was misled by DOJ and DOJ's expansion of pleadings by DOJ essentially

claiming that it had an authorized law enforcement function for imprisoning Mrs.

Sieverding, which it refuses to identify.

      Local Rules read:

(3) Civil, including miscellaneous, cases are deemed related when the earliest is
**still pending on the merits** in the District Court and they (i) relate to common
property, or (ii) involve common issues of fact, or (iii) grow out of the same
event or transaction or (iv) involve the validity or infringement of the same
patent. Notwithstanding the foregoing, **a case filed by a pro se litigant with a
prior case pending** shall be deemed related and assigned to the judge having the
earliest case. However, if a judge in the interest of judicial economy,
consolidates a significant number of similar *pro se* prisoner complaints, or has
a single case with a significant number of *pro se* prisoner plaintiffs, and any of
those prisoners later files a new complaint which is unrelated to the subject
matter of the consolidated cases or the multiple plaintiffs' case, the judge who
receives the new case as related may, if he or she chooses, refer the new case
to the Calendar and Case Management Committee for random assignment. LCvR 40.5

(4) Additionally, cases whether criminal or civil, including miscellaneous, shall be


RECEIVED
Mail Room

JUN 1 7 2011
1

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Col...bia

deemed related **where a case is dismissed**, with prejudice or without, and a **second case is filed involving the same parties and relating to the same subject matter. (emphasis added)**

By that standard, 09-0562 and 11-090 are related to 11-01032.

This courts on-line standard form reads

"Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and **relates to the same subject matter of any dismissed related cases." (emphasis added)**

The plaintiffs filled in their civil cover sheet as showing a related case and included the on-line form designating 09-0562 and 11-090 as related cases right under the civil cover sheet when they filed their complaint. They distinctly remember verifying that the notice of the related case was included in the package before they sealed and shipped it. Their complaint was filed on 6/1/2011 but not docketed until 6/7/2011 and in that week the notice of related cases somehow was lost and not docketed.

The complaint numbered 11-cv-01032-RBW is similar to 09-0562 and 11-090 in that all involve the impropriety of USMS imprisoning Mrs. Sieverding without a criminal charge or an arraignment, bail hearing or government prosecutor as a way to stop the Sieverdings from getting a hearing on the merits in third party litigation.

The complaint numbered 11-cv-01032-RBW is different from 09-0562 and 11-090 in that there are factual discrepancies as to DOJ authority and why and how Mrs. Sieverding was detained:

1.) In April 2011, USMS conceded that it doesn't have a record of authorization to arrest or imprison a person for non-criminal 'contumacious' litigation. [1](See Exhibit A attached)

---

[1] Case 1:11-cv-01032-RBW   Document 1-1   Filed 06/01/11   Page 2 of 73

2.) In 2008, the FBI  claimed it had detained Mrs. Sieverding for "5005 civil contempt".[2] (See Exhibit B attached)

3.) In December 2010, USMS acknowledged for the first time that it had created Joint Automated Booking System records about Mrs. Sieverding (See Exhibit C attached) whereas before, in an affidavit from USMS FOIPA officer William Bordley (who is blind), DOJ had represented that it had not created records in the Joint Automated Booking System[3]

3.) The records that USMS released to Mrs. Sieverding in 2007 included what appears to be booking photos of her but there is no record released that those were from the JABS system. (See Exhibit E attached).

4.) In December 2010, USMS acknowledged that the Prisoner Tracking System didn't have a number for warrants for arrest of Mrs. Sieverding[4] and that the JABS system didn't recognize numbers for warrants for arrest of Mrs. Sieverding[5] whereas before DOJ had claimed that the arrest warrants were entered into the Warrant Information Network, which according to the manual released by DOJ, uses numbers for warrants.[6]

5.) As of 4/5/2011, the FBI claimed it had no records regarding Mrs. Sieverding (See Exhibit F) (FOIPA 1163860-000).

6.) As of 4/29/2011, the FBI released 20 pages of records that the FBI in Denver in December 2005 had received letter from Mr. Sieverding complaining that Mrs.

---

[2] Case 1:11-cv-01032-RBW   Document 1-1   Filed 06/01/11   Page 4 of 73
[3] Case 1:09-cv-00562-JDB   Document 12      Filed 06/12/2009     Page 2 of 12
[4] Case 1:11-cv-01032-RBW   Document 1-1   Filed 06/01/11   Page 9 of 73
[5] Case 1:11-cv-01032-RBW   Document 1-1   Filed 06/01/11   Page 7 of 73
[6] Case 1:11-cv-01032-RBW   Document 1-1   Filed 06/01/11   Page 9 of 73
Case 1:09-cv-00562-JDB   Document 24-2     Filed 07/27/2009     Page 71 of 350

Sieverding was at that time being held without a criminal charge and that the FBI decided not to act on the letter. (See Exhibit G)

7.) In 2007, the USMS released a record indicating that the USMS had claimed that Mrs. Sieverding was wanted for a "felony".[7]   (See Exhibit H)

8.) On 12/21/2010, DOJ's criminal division claimed to have no records of criminal charges, arrest warrants or search warrants for Mrs. Sieverding in their "Central Index of Records". See Exhibit I CRM 2010 00863P (See Exhibit I)

9.) MRS. SIEVERDING was a federal prisoner in Colorado in 2005, 2006, and 2007and the USMS office in Colorado claimed she was wanted for a "felony" but
on 1/26/2011 the U.S. Attorney in Colorado claimed to have no records re kay sieverding (Exhibit J)

10.) Mrs. Sieverding was a federal prisoner in Western Wisconsin in 2006 and 2007 and the USMS office in Colorado claimed she was wanted for a "felony" and sent a fax to the USMS office in Western Wisconsin requesting her detention without bond but  as of 9/15/2008 the U.S. Attorney's office in Western Wisconsin was telling the FOIPA office in D.C. that they had no records re Kay Sieverding (Exhibit K)

11.) There are no other federal districts in which Mrs. Sieverding was charged with a federal offense.

12.) The USMS FOIPA office did not previously release any records showing that Mrs. Sieverding was charged with a felony and as of 3/24/2011 they claimed to have no additional records (Exhibit L)

---

[7] Case 1:09-cv-00562-JDB Document 7-2 Filed 05/01/2009 Page 13 of 29

13.) The plaintiffs found DOJ's statements in a motion to dismiss in 11-090 that Judge Bates had decided that systems of records can be excluded from 5 USC section 552a e (7) to be totally confusing because that is not how the statute reads and does not appear to be what Judge Bates meant. He appeared to accepted DOJ's representation that they had an authorized law enforcement function that was related to non-criminal contumacious litigation. That is contrary to the USMS representation after the plaintiffs terminated 11-090 and also contrary to other DOJ FOIPA representations that they have no records of incarcerations of pro se litigants without criminal charges. (Exhibit M).

14.) Since the Sieverdings were not informed of any criminal charges against Mrs. Sieverding, and DOJ claims to have no record of any incarcerations of pro se litigants without criminal charges, that could suggest that it was an accident that Mrs. Sieverding was imprisoned. However, that is contrary to DOJ's pleadings in 09-0562 that everything that DOJ did regarding the Sieverdings was legal and legitimate and that it had an authorized law enforcement function for imprisoning Mrs. Sieverding. It is also contradicts USMS's representation that Mrs. Sieverding was charged with a "felony" (Exhibit H) and the fact that USMS imprisoned her on four different occasions (9/2/05 – 1/4/06 Colorado, 2/8/06 Wisconsin, 5/10/07 to 5/30/07 Wisconsin, 5/31/07 Colorado)

15.) Only a court of competent jurisdiction can issue a warrant for arrest or a detention order and that term is defined ONLY in the Rules of Criminal Procedure.

16.) The Rules of Civil Procedure contain no provision for a federal Court to order the arrest or detention of a litigant. If there is a contempt charge it must be expressed and prosecuted as criminal contempt. See Rules of Criminal Procedure Rule 42.

17.) As the 7th Circuit stated:

We read § 401 to permit either a fine, or imprisonment, or both, as a
penalty for criminal contempt, but not to permit any other penalty. In re Troutt, 460 F.3d

887 (7th Cir. 08/21/2006)

18.) As the Supreme Court stated: "If petitioners can be punished for their misconduct, it

must be under the Criminal Code, where they will be afforded the normal safeguards

surrounding criminal prosecutions" See Nye v. United States, 313 U.S. 33 (1941)[8]


      For these reasons the plaintiffs request that a decision be made as to whether the

Court considers the cases to be related or not in terms of local rules.

      Respectfully

David Sieverding        6/16/2011    Kay Sieverding        6/16/2011
641 Basswood Ave Verona WI 53593  608 848 5721 david.sieverding@gmail.com,
kaysieverding@aol.com
sent by FEDEX priority tracking # 7948 7498 8661 for delivery 6/17/2011

---

[8] http://supreme.justia.com/us/313/33/case.html

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

David Sieverding and Kay Sieverding  )
641 Basswood Ave. Verona, WI 53593  )
608 848 5721                   )      **11-cv-01032-RBW**
v.                           )
United States Department of Justice   )

Proposed Order

I have reviewed the issues as to whether this case is related to previous litigation and I

decided.....because

_____                     Honorable Judge Walton

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| David Sieverding and Kay Sieverding ) | |
| 641 Basswood Ave. Verona, WI 53593 ) | |
| 608 848 5721                              ) | **11-cv-01032-RBW** |
| v.                                        ) | |
| United States Department of Justice     ) | |

Certificate of service of motion for decision as to whether 09-0562, 11-090 are cases

related to 11-cv-01032

A copy of this motion was mailed to the following address by priority mail

420 20001 9405 5036 9930 0134 3757 69

Ronald C. Machen, USA
Judiciary Center Building
555 Fourth Street, NW
Washington, DC 20001-2733

*Kay Sweid*

*06-17-11*

# EXHIBIT A

## USMS FOIPA request # 2011USMS17351

The USMS located no records responding to
Request for "any and all records of authority for
Arrest or detention of litigants for engaging in
Noncriminal 'contumacious' litigation"



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

_____

*2604 Jefferson Davis Hwy.*
*Alexandria, VA 22301*

April 14, 2011

Kay Sieverding
641 Basswood Avenue
Verona, WI 53593

### Re: Freedom of Information/Privacy Act Request No. 2011USMS17351

Dear Requester:

The United States Marshals Service (USMS) is responding to your request for any and all records of authority for arrest or detention of litigants for engaging in noncriminal "contumacious" litigation.

Pursuant to your request, the USMS located no records responsive to your request.

If you are dissatisfied with my action on this request, you may appeal by writing to the Director, Office of Information Policy, United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001. Your appeal must be received within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information/ Privacy Act Appeal." In the event you are dissatisfied with the results of any such appeal, judicial review will thereafter be available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia.

Sincerely,

William E. Bordley
Associate General
Counsel/FOIPA Officer
Office of General Counsel

EXHIBIT B

Federal Bureau of Investigation
Criminal Justice Information Services Record
Showing Mrs. Sieverding found guilty
and sentenced for 'civil contempt'

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
CRIMINAL JUSTICE INFORMATION SERVICES DIVISION
CLARKSBURG, WV  26306

DC000000Z                           ICN ISIS0001000008563361

BECAUSE ADDITIONS OR DELETIONS MAY BE MADE AT ANY TIME, A NEW COPY
SHOULD BE REQUESTED WHEN NEEDED FOR SUBSEQUENT USE.
                 - FBI IDENTIFICATION RECORD -

WHEN EXPLANATION OF A CHARGE OR DISPOSITION IS NEEDED, COMMUNICATE
DIRECTLY WITH THE AGENCY THAT FURNISHED THE DATA TO THE FBI.

NAME                          FBI NO.          DATE REQUESTED
  SVERDING,KAY                5009KC5          2008/02/20

SEX   RACE   BIRTH DATE   HEIGHT   WEIGHT   EYES   HAIR
F     W                                     BLU    BLN

BIRTH PLACE
ILLINOIS

                       CITIZENSHIP              REVISED RECORD
                       UNITED STATES

                       AU LS    WU

  -ARRESTED OR RECEIVED 2005/09/02           Copy of record furnished to
   AGENCY-USM DENVER (COUSM0100)             subject pursuant to D.O.
     CHARGE 1-5005 - CONTEMPT OF COURT-      556-73 request

   COURT-
      CHARGE-5005 - CIVIL CONTEMPT OF COURT-
        SENTENCE-
        GUILTY, 124 DAYS COUNTY JAIL

PHOTO_INFORMATION
1-ONE PHOTOS AVAILABLE

RECORD UPDATED 2008/02/14

ALL ARREST ENTRIES CONTAINED IN THIS FBI RECORD ARE BASED ON
FINGERPRINT COMPARISONS AND PERTAIN TO THE SAME INDIVIDUAL.

THE USE OF THIS RECORD IS REGULATED BY LAW.  IT IS PROVIDED FOR OFFICIAL
USE ONLY AND MAY BE USED ONLY FOR THE PURPOSE REQUESTED.

# EXHIBIT C

Joint Automated Booking System
Screen images
Re Kay Sieverding
dated 12/6/2010

**JABS**

Query Personal History

- ● Return To Summary Hit List
- ● Refine Search Criteria
- ● Remember List
- ● Perform New Searc
- ● JABS Home Page



**SIEVERDING, KAY**

| | |
|---|---|
| Trans ID: | 6277073 |
| FBI No: | 5009KC5 |
| FBI Name: | SIEVERDING,KAY |
| DOB: | |
| Date Arrested or Received: | 09/02/2005 |
| Charges: | |

Package is Current
Received: 09/02/2005
17:58:17

5005 - CONTEMPT OF COURT-

| Personal History | Offender History | Photos | Fingerprints | Export | Change History |
|---|---|---|---|---|---|

Rap Sheet

Printer Frier

Detention | Biographic | Arrested or Received | Booking | Identifiers | Vehicle | Incarceration | Separate
Associates | Immediate Family

## General Information

| | | | | | |
|---|---|---|---|---|---|
| FBI Name: | SIEVERDING,KAY | | FBI No: | 5009KC5 | Trans ID: 62770 |

Aliases
NONE

| | | | |
|---|---|---|---|
| Status: | IAFIS Responded | Package ID: | 1F532A1688CEE90660BF61D94D |
| Phone: | | | |
| Address: | 641 BASSWOOD AVE, VERONA, WI 53593 | | |

## Detention Information                                                          Re

| Location: | | Date: | |
|---|---|---|---|

## Biographic Information                                                         Re

| | | | | | | |
|---|---|---|---|---|---|---|
| Gender: | Female | Race: | White | Ethnicity: | | DOB: |
| Hair: | Blond or Strawberry | Eye: | Blue | Height: | | Weight: |

Identifying Characteristics (NCIC Code, Description)
NONE

| | | | |
|---|---|---|---|
| Marital Status: | Married | Occupation: | SELF EMPLOYED |
| Health Status: | MED TAKES MELATONIN TO SLEEP | Education: | |

Medications
NONE

| | | | |
|---|---|---|---|
| Birth City: | ROCKFORD | Birth State: | ILLINOIS |
| Birth Country: | | Citizenship: | USA |

## Arrested or Received Information                                               Re

| Officer Name: | | Phone: | |
|---|---|---|---|

b2

12/6/2010

Joint Automated Booking System - Limited Official Use                                      Page 2 of 2

**Jurisdiction:**

**Charges (Charge, Offense Date)**
    5005 - CONTEMPT OF COURT-                                                          09/02/2005

**Warrant Numbers**
    NONE

**Agency:**    USMS                                 **ORI:**    COUSM0

**Agency Site:**    Denver, CO, US               **Date Arrested** 09/02/200
                                                **or Received:**

**Originating Agency**
    **Agent:**                         **Phone:**
    **Agency:**                       **Site:**

**Place Arrested or Received:**  US COURTHOUSE

**Fingerprint Date:**    09/02/2005    **Armed Description:**

**Drug History:**                       **Mental Competency:**

**Special Handling:**              **Arrested or Received Narrative:**

### Booking Information                                                                      Re

  **Agent:** ▮▮▮▮▮▮     **Phone:** ▮▮▮▮▮▮     **Agency:** USMS    **ORI:** CO

  **Site:**  Denver, CO, US     **Role:**            **Date:**  09/02/2005

### Offender Identification - Numeric Identifiers                                            Re

  **Trans ID:**  6277073     **USMS/BOP No:**  33801013     **SSN:** ▮▮▮▮

  **NADDIS No:**          **Agency Case No:**            **FBI No:** 5009KC

  **INS No:**

### Identifying Documents                                                                    Re
  NONE

### Vehicle Information                                                                       Ret
  NONE

### Incarceration Information                                                                 Ret
  **Sentence Expiration Date:**

  **Conviction**                                    **Sentence**
  5005 - CONTEMPT OF COURT-                NOT YET DISPOSED

### Separatee Information                                                                     Re
  NONE

### Associate Information                                                                     Re
  NONE

### Immediate Family Information                                                              Ret

| Name | Relationship | Phone | Address |
|------|-------------|-------|---------|
| ▮▮▮▮▮▮ | ▮▮▮ | ▮▮▮▮▮▮ | SAME, XX |

12/6/2010

# EXHIBIT D

## USMS
## USM (129)
## DATE 5/14/2007

```
                              *** LIMITED OFFICIAL USE ***

_____
                                                  DATE: 05/14/2007 TIME: 11:45  PAGE:    1
                              UNITED STATES MARSHALS SERVICE
                                 PRISONER TRACKING SYSTEM
                              WESTERN DISTRICT OF WISCONSIN
                                DISTRICT  90   OFFICE: MAD

                         INDIVIDUAL CUSTODY AND DETENTION REPORT USM (129)

                                 NAME:   SIEVERDING, KAY
                                 USMS NUMBER  33801013

  I  IDENTIFICATION DATA                                                                    .

     USMS NBR  33801013   NAME  SIEVERDING, KAY

     ADDRESS  641 BASSWOOD AVE   VERONA, WI 53593                     PHONE  608-848-5721

     DOB  02/████████  AGE  52  POB  ROCKFORD, IL       SEX: F  RACE: W  HAIR: BLN  EYE: BLU  HEIGHT  509  WEIGHT: ███

     SSN: ████████  FBI NBR: 5009KC5   ALIEN NBR:

     DETAINER/DATE  ACTIVE  AGENCY                       REMARK
     *********       N

     PRISONERS ALIASES.                    ALIAS REMARKS.
     ANDERSON, KAY                         MAIDEN NAME

     GENERAL REMARKS
     NONE


  II  CASE INFORMATION:

      CTR   STATUS              COURT CASE NUMBER     FEDERAL COURT CITY
       1    RL-V/S              02-CV-01950-EWN-OES   MADISON

      CTR   ARREST DATE  ARRESTING AGENCY            LOCATION OF ARREST    WARRANT NUMBER
       1    02/08/2006   U S. MARSHALS SERVICE       U S. DISTRICT COURT

      CTR   OFFENSE                                  OFFENSE REMARK               DISPOSITION
       1    (5007) OBSTRUCTING COURT ORDER           WARRANT ISSUED IN D/CO       OTHER

      CTR   SENTENCE DATE   SENTENCE                                  APPEAL DATE
       1    *********                                                 *********

  III  STATUS HISTORY

       CTR   STATUS        STATUS DATE    CUSTODY DATE    RELEASE DATE    REMARK
        1    WT TRIAL      02/08/2006     02/08/2006      *********
        1    RL-V/S        02/08/2006     *********       02/08/2006

  IV  CHRONOLOGICAL PRISONER HISTORY

        INST                         ADMIT      RELEASE     DAYS  ACTION OR
        CODE   INSTITUTION NAME      DATE       DATE        BOARDED DISPOSITION
        BND    ON BOND               02/08/2006 02/08/2006    1

_____
```

*** LIMITED OFFICIAL USE ***

DATE. 05/14/2007 TIME. 11 45  PAGE        2

UNITED STATES MARSHALS SERVICE
PRISONER TRACKING SYSTEM
WESTERN DISTRICT OF WISCONSIN
DISTRICT: 90   OFFICE: MAD

INDIVIDUAL CUSTODY AND DETENTION REPORT USM (129)

NAME.   SIEVERDING, KAY
USMS NUMBER: 338010_3

TOTAL DAYS BOARDED          1

V  MEDICAL CONDITION/TREATMENT HISTORY

DATE SERVICE PROVIDED  VENDOR          SERVICE PROVIDED
**********

THIS INFORMATION IS THE PROPERTY OF THE U S. MARSHALS SERVICE AND SHALL NOT
BE PUBLICLY RELEASED OR DISSEMINATED WITHOUT U S  MARSHALS SERVICE AUTHORITY.

****** END OF REPORT ******

*** LIMITED OFFICIAL USE ***

EXHIBIT E
BOOKING PHOTO PROVIDED IN 2007
NO MENTION OF THE
JOINT AUTOMATED BOOKING SYSTEM

**USMS Number:** 33801013                    **Date of Arrest:** 09 / 02 / 2005
**ORI:** COUSM0100                           **FBI Number:**

**Last Name:** SIEVERDING
**First Name:** KAY
**Middle Name:**

**Sex:** F                    **Height:** 5 FT 9 IN         **Eye Color:** BLU
**Race Code:** W              **Weight:** ~~XXXXXX~~        **Hair Color:** BLN
**DOB:** ~~XXXXXX~~



**View:** Front

**Date Taken:** 09 / 02 / 2005



**View:** Side R

**Date Taken:** 09 / 02 / 2005

LIMITED OFFICIAL USE

EXHIBIT F
FOIPA REQUEST 1163860-000
AS OF 4/5/2011, THE FBI HAS NO RECORDS
REGARDING SUBJECT "SIEVERDING, KAY"



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

April 5, 2011

MR. DAVID SIEVERDING
641 BASSWOOD AVENUE
VERONA, WI 53593

FOIPA Request No : 1163860- 000
Subject: SIEVERDING, KAY

Dear Mr. Sieverding:

This responds to your Freedom of Information/Privacy Acts (FOIPA) request.

A new search of the indices of our Central Records System was conducted for records concerning the subject of your request. Through this search we determined that there are no records responsive to your request

To the extent your FOIPA request seeks access to records that would either confirm or deny an individual's placement on any government watch list, please be advised that the U.S. Government can neither confirm nor deny whether a particular person is on any terrorist watch list. Maintaining the confidentiality of government watch lists is necessary to achieve the objectives of the U.S Government, as well as to protect the privacy of individuals who may be on a watch list for a limited time and later removed. If the U.S. Government revealed who was listed on any government watch list, terrorists would be able to take actions to avoid detection by government authorities. Thus, pursuant to the Freedom of Information Act (FOIA) Exemptions 2 and 7(E), 5 U.S.C. §§ 552 (b)(2) and (b)(7)(E), the FBI can neither confirm nor deny the existence of certain records which would tend to indicate whether an individual is or ever was listed on any government terrorist watch list.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be identified easily.

Enclosed for your information is a copy of the FBI File Fact Sheet.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
 Dissemination Section
Records Management Division

Enclosure

EXHIBIT G
FOIPA REQUEST 1163859-000
4/29/2011, FBI RELEASE OF RECORDS
FROM DECEMBER 2005



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

April 29, 2011

MR. DAVID SIEVERDING
641 BASSWOOD AVENUE
VERONA, WI 53593

FOIPA Request No.: 1163859- 000
Subject: SIEVERDING, DAVID

Dear Mr. Sieverding:

This is in response to your Privacy Act requested noted above.

Material consisting of twenty (20) pages has been reviewed pursuant to Title 5, United States Code Section 522a and this material is being released to you in its entirety with no excisions being made by the FBI.

Although no denials were made to your request, we are required to inform you that you are entitled to file an administrative appeal if you so desire. Appeals should be directed in writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely   The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be identified easily.

Very truly yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosure

David Sieverding
641 Basswood Avenue
Verona, WI 53593
(608) 848-5721

Kay Sieverding
Clear Creek County Jail
Box 518
Georgetown, CO 80444

12-10-05

FBI
1961 Stout Street
Suite 1823
Denver, CO 80294
Attn: Civil Rights

(303) 629-7171

Dear Civil Rights Division:

Kay had a chance to edit my letter of 12-06-05 and found some needed changes.

Could you please use this letter instead of the 12-06-05 letter?

Sincerely,

David Sieverding

REVIEWED BY
Guardian Coordinator
Date 12-27-05   Initials _____

RECEIVED
DATE 12/21/05 EMP _____

62-0 - 20809
RV/JBm
1

## Kay Sieverding has been jailed since 09-02-05

1.) without a trial

2.) without a reported incident

3.) without being informed of the nature of the accusation
(which law she broke)

4.) without being informed of the cause of the accusation
(how she broke said law)

5.) without being confronted with the witnesses against her

6.) without being able to cross-examine the witnesses against her

7.) without being allowed a compulsory process for obtaining
witnesses in her favor

8.) without being allowed to have the assistance of counsel for her
defense

9.) without being allowed to put on a defense

10.) without due process of law

11.) without notice

12.) without bail

13.) while denied equal protection of the law

14.) to force her to surrender rights secured by 28 U.S.C. § 1654, to
appear in court with or without an attorney

**NOTE:**   Court papers, transcripts and certified documents
support of all allegations made herein.

3

# Summary

Kay Sieverding is being held in contempt until such time that she withdraws from lawsuits alleging criminal activity on the part of the judge that is holding her in contempt and other judges, government officials, district attorneys and lawyers.

Thus, the victim of alleged crime is apparently being held to prevent her from testifying and presenting evidence against the perpetrators of those alleged crimes and ***thus, apparently, to obstruct justice and, in so doing, to protect the perpetrators.***

# The End Run Around The Constitution

While denying Kay Sieverding the Constitutional rights indicated on the preceding page, the judge sanctioned Kay Sieverding by issuing a "court order" that, under certain circumstances, Kay not exercise her right to appear in court as secured by the First Amendment and 28 U.S.C. § 1654.

Then, the judge made her choose between surrendering her rights and going to jail. Kay refused to surrender her rights. The Judge then incarcerated her for contempt.

Kay is **NOT** being held under the "Patriot Act".

David Sieverding
641 Basswood Avenue
Verona, WI 53593
(608) 848-5721

Kay Sieverding
Clear Creek County Jail
Box 518,
Georgetown, CO 80444

12-10-05

FBI
1961 Stout Street
Suite 1823
Denver, CO 80294
Attn: Civil Rights

(303) 629-7171

Dear Civil Rights Division:

# Request for Criminal Investigation and Forcible Extraction

David Sieverding and Kay Sieverding request a criminal investigation for:

**Conspiracy Against Rights** in apparent violation of **18 USC § 241**, and

**Deprivation of Rights** in apparent violation of **18 USC § 242**, and

Evidence of these crimes is contained in the public records of various court cases.

We also request that the FBI forcibly extract Kay Sieverding from the Clear Creek County Jail in Georgetown, Colorado where she is being held in apparent violation of her civil rights.

It is David Sieverding's and Kay Sieverding's contention that, since the FBI forcibly extracts people held in a state of involuntary servitude, it would be consistent with "equal protection of the law", as secured by the Fourteenth Amendment, that the FBI forcibly extract Kay Sieverding. Otherwise, Kay Sieverding fears that Judge Nottingham will hold her there as long as either shall live.

Sincerely,

David Sieverding

2

# Applicable Civil Rights

## Amendment 1 to the United States Constitution

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

## Amendment 5 to the United States Constitution

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

## Amendment 6 to the United States Constitution

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

## Amendment 14 to the United States Constitution

Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

## 28 U.S.C. § 1654 (United States Code, Title 28, Section 1654)

### Appearance personally or by counsel

In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

5

# Applicable Criminal Code

## 18 U.S.C. § 241 (United States Code, Title 18, Section 241)

### Conspiracy against rights

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—

They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

## 18 U.S.C. § 242 (United States Code, Title 18, Section 242)

### Deprivation of rights under color of law

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

6

## Overview

There are three distinct conspiracies against rights.

1.) the Steamboat Conspiracy Against Rights
    To protect prior extortion and municipal building code violation conspiracies

2.) the 02-cv-1950 Dismissal Conspiracy Against Rights
    To protect the Steamboat Conspiracy

3.) the Jailing Conspiracy Against Rights
    To protect the 02-cv-1950 Dismissal Conspiracy

Each is part of an expanding cover up, in attempt to obstruct justice. Since the jailing was apparently done to protect the 02-cv-1950 dismissal conspiracy, we will start there.

## The 02-cv-1950 Dismissal Conspiracy

Anthony Lettunich, one of the defense attorneys in Colorado Federal Case 02-cv-1950, sent Sieverding documentary evidence of this conspiracy against rights in apparent violation of 18 U.S.C. § 241 in the form of a bill for services rendered to his client, the City of Steamboat Springs. Judge Schlatter had relayed through his clerk that the defense counsel did not need to reply.

Thus, there was a conspiracy against rights between all of the defense counsel in the case and the judge to deprive David Sieverding and Kay Sieverding of their litigation rights secured by the Federal Rules of Civil Procedure and 28 U.S.C. § 1654.

According to the Federal Rules of Civil Procedure Rules, defense counsel must reply to the complaint or they will lose by default. If they cite an affirmative defense, they are required to go through the facts and list each one as stipulated, contested or don't know (See Rule 12). But, because of the conspiracy, none of the defendants replied and the judge did not find for the plaintiff, as is required under these circumstances because there was a timely recognized tort claim.

The defense attorneys all sent in motions to dismiss, often citing affirmative defenses. But none of the defense attorneys stipulated to or contested any fact as would be required when there is a timely recognized tort claim over $75,000 and a proper jurisdiction.

For example, Dave Brougham, an attorney paid by Lloyds of London, represented the city defendants. He argued that the city and city government actors all had immunity from suit under 42 U.S.C. §§ 1981, 1983 and 1985 and/or their common law equivalents despite the fact that 42 U.S.C. § 1983 only applies to government actors.

According to the Supreme Court, immunity is an affirmative defense. Thus, to use this defense, Dave Brougham was required to supply a list of facts indicate which facts were stipulated to, which were contested and which he simply did not know, but Brougham did not do this.

A list of disputed facts is critical to the judicial process as these are the facts that must be decided by the jury. You cannot have a trial without a list of disputed facts.

7

Federal Rules of Civil Procedure Rule 56 provides for summary judgment as an alternative means of proof. This also requires to stipulate to or challenge each numbered fact. In 02-cv-1950, there was neither jury nor summary judgment. The rules of evidence were ignored. Instead of following the rigid procedure as required by law, the judge simply twisted the facts and laws resulting in decisions on the Magistrates Recommendation and Report that misrepresented the facts. Due process was not observed in the creation of the report. It turns out that there was substantial defense-judge collaboration.

Before 02-cv-1950 commenced, Magistrate Judge OE Schlatter called a "Status Conference" in which he expressed the political view that lawyers have immunity [to violate civil rights laws on behalf of their clients]. In this conference, he said that he would recommend that Senior Judge Richard P. Matsch, to whom the case was originally assigned, dismiss the case and award legal fees.

Later, the case was reassigned to Judge Edward W. Nottingham. David Sieverding and Kay Sieverding suspect that this reassignment was done to further the conspiracy against rights suggested by Magistrate Judge OE Schlatter in the "Status Conference" and confirmed by the written evidence supplied by Anthony Lettunich.

David Sieverding and Kay Sieverding believe that Senior Judge Richard P. Matsch would not have joined a conspiracy against rights and that one or more unknown conspirators changed the assignment to a judge that would join.

David Sieverding and Kay Sieverding had demanded a jury trial but the conspiracy against rights denied them a jury trial.

Suspecting a conspiracy against rights, David Sieverding and Kay Sieverding sent in many motions for summary judgment, including motions to accept the claims, facts and dollar amount. But, the defense counsel ignored all of these, as did the court. All of them went into default.

Despite the fact that the judge was supposed to hear and rule on the motions for summary judgment prior to dismissal, the case was dismissed with prejudice without hearing any of the motions, but the motions are supposed to be heard in a formal process starting with the list of facts. If the defendants disagree with any they are suppose to submit a sworn affidavit under penalty of perjury. The defendants also misquoted the laws.

Dismissal with prejudice is only supposed to occur only after a case is brought before a jury. So, this was yet another aspect of the conspiracy against rights.

## The Jailing Conspiracy Against Rights

The jailing of Kay Sieverding on September 2, 2005 is a result of this conspiracy against rights. The stated objective was to force Kay Sieverding to withdraw from civil suits, appealing the disposition of the original civil suit, filed in another court that, if allowed to progress, could ultimately result in a number of lawyers, judges and district attorneys being convicted of violating 18 U.S.C. § 241 and/or 18 U.S.C. § 242 and disbarred for life and could ultimately result in a jury award in Kay Sieverding's favor.

Kay Sieverding is being held for contempt of court until such time that she withdraws from these lawsuits. This is a direct apparent violation of 18 U.S.C. § 241 and 18 U.S.C.

§ 242 because 28 U.S.C. § 1654 secures Kay Sieverding has a right to file these lawsuits. Kay Sieverding has no duty to surrender her rights secured under 28 U.S.C. § 1654.

The oral motion requesting that Kay Sieverding is being held for contempt of court until such time that she withdraws from these lawsuits cites a so-called injunction issued during the disposition of Colorado Federal Court Case 02-cv-1950 that allegedly prohibited Kay Sieverding from exercising the rights secured by 28 U.S.C. § 1654 and the right to petition government and the right to freedom of speech. While there are limitations on the freedom of speech, none of these limitations apply to the contents of the lawsuit.

When this so-called injunction was issued, Kay Sieverding and her husband David Sieverding were denied all of the rights enumerated at the beginning of this document.

Thus, Kay Sieverding has been jailed without being afforded any of these enumerated rights, thus constituting an almost total denial of the basic Constitutional rights that are supposed to precede punishment, following accusation or otherwise (as was the case with Kay Sieverding where there was no accusation made prior to jailing).

The existence of a mechanism making it possible to carry out a successful conspiracy against rights does not make it legal. Guns exist. They are a mechanism for murder. But, they do not make murder legal, do they?

To accomplish this wrongful incarceration, Federal Judge Edward W. Nottingham first deprived Kay Sieverding and her husband, David Sieverding, of the above enumerated Constitutional rights by granting a so-called injunction to parties unknown, for causes unknown, against her without any of the enumerated components of constitutional due process and without adhering to Federal Rules of Civil Procedure Rule 7 and Rule 65 or the Colorado Rules of Civil Procedure, thus denying Sieverding of the rights secured therein.

The injunction ordered Kay Sieverding and David Sieverding to surrender rights protected by the First Amendment, the Fourteenth Amendment and 28 U.S.C. § 1654, which he and she have not duty to do as these are their Federally protected civil rights and they cannot legally be taken away from them. This made the injunction a prima facie apparent violation of 18 U.S.C. § 242. Specifically, the injunction ordered them not to commence litigation based on a certain series of events without a lawyer, despite the fact that 28 U.S.C. § 1654 gives them this right.

In addition, Federal Judge Edward W. Nottingham virtually forced Kay Sieverding to violate the so-called injunction by issuing a second order for her to pay $118,000 in legal fees. This court order deprived David Sieverding and Kay Sieverding of their rights secured by Federal Rules of Civil Procedure Rule 54 (d) (2) (A) by awarding legal fees whether requested or not when the Rule says "Claims for attorneys' fees... shall be made by motion".

In addition, one of the defendants, The Steamboat Pilot, a newspaper, continuously placed defamatory information on their web site, easily accessible through Google, that would tend to prevent Kay Sieverding or her husband David Sieverding from ever being able to get another job in either of their chosen professions, city planning and engineering. Both Sieverdings hold MIT degrees in their chosen fields. Kay has a

9

Bachelors and Masters degree in he field. Thus, the Steamboat Pilot deprived both Sieverdings of the value of their MIT educations.

The Sieverdings felt that both the threat of having to pay $118,000 in legal fees and never being able to work in their chosen fields again for the rest of their lives left them no choice but for the to commence lawsuits against the Steamboat Pilot to force them to cease publication of the defamatory articles and to appeal the $118,000 award.

On September 2, 2005, Federal Judge Edward Nottingham of the District of Colorado Federal Court began holding Kay Sieverding [in the Clear Creek County Colorado Jail] for contempt until such time that she agrees to "voluntarily" withdraw from certain lawsuits. But, because the First and Fourteenth Amendments, as well as 28 U.S.C. § 1654 secure Kay Sieverding's right to litigate, she does not have a duty to withdraw, nor does she have an inclination to do so.

In addition, the coconspirators carried out several more apparent violations of 18 U.S.C. § 241 and 18 USC § 242 in furtherance of their plot to force Kay Sieverding to withdraw from lawsuits.

On September 2, 2005, lawyers Christopher Beall and Tracy Van Pelt deprived David Sieverding and Kay Sieverding of rights secured by Colorado law in apparent violation of 18 USC § 242 when they made an oral motion, which is not allowed under Colorado law. The content of their oral motions also deprived David Sieverding and Kay Sieverding of rights secured by Colorado law in apparent violation of 18 USC § 242, which requires that, if jail is being contemplated, that it be disclosed in advance. The minute that the motion was granted, this established a conspiracy between Judge Nottingham, Christopher Beall and Tracy Van Pelt in apparent violation of 18 USC § 241.

Christopher Beall and Tracy Van Pelt deprived David Sieverding and Kay Sieverding of rights secured by Colorado Rules of Civil Procedure Rule 107 (c) and Rule 107 (d) (2), Rule 107 (c) says "The citation and a copy of the motion, affidavit and order shall be served directly upon such person at least twenty days before the time designated for the person to appear." Rule 107 (d) (2), says, "In all cases of indirect contempt where remedial sanctions are sought, the nature of the sanctions and remedies that may be imposed shall be described in the motion or citation."

Christopher Beall, Tracy Van Pelt and Judge Edward W Nottingham deprived David Sieverding and Kay Sieverding of rights secured by Senn v Tile Layers Protective Union, which says, "No one has in the first instance a Constitutional right to a "remedy" against conduct of another person which is lawful"

"Nothing is better settled than that a person may not be deprived of his liberty for the doing of an act which is not, and cannot be made, illegal." American Jurisprudence 2nd Volume 16A, Section 394

"The limitation inherent in the requirement of equal protection of the law extends to the judicial… so that a judgment may not be rendered in apparent violation of such constitutional limitations and guarantee." American Jurisprudence Volume 16 Section 798

These surprise oral motion requests deprived David Sieverding and Kay Sieverding their right that such a motion have a basis in law. Christopher Beall gave a fraudulent reason

10

for requesting the incarceration and cited an irrelevant case US V. United Mine Workers that had no factual overlap with the situation in Colorado Federal Court Case 02-cv-1950. And because they were part of a conspiracy joined by the judge, they violated 18 U.S.C. § 241 as well.

Judge Nottingham immediately granted their oral request motions. Then Judge Nottingham gave Kay Sieverding the choice of immediately agreeing to "voluntarily" withdraw from her appeal or being jailed until such time that she does.

Kay Sieverding was not given a chance to cross-examine her accuser and she was not allowed to put on a full defense or complete her objection, further apparent violations of 18 USC § 242.

Kay Sieverding felt that this was like being asked, "to sit at the back of the bus". She refused to withdraw and was arrested by US Marshals whose presence the judge had requested beforehand.

The fact that the Judge Nottingham summoned the US Marshals before the hearing commenced establishes that the Judge was a party in a Conspiracy Against Rights to deprive David Sieverding and Kay Sieverding of their right to notice as secured by Colorado law.

Then, Judge Nottingham gave David Sieverding the same choice. David Sieverding agreed to withdraw, so that at least one of them could be at home to raise their children and earn an income.

This deprived Kay Sieverding of rights secured by Lobb v Hodges Colorado Court of Appeals 1982 CRS 2001 Volume 12 Page 502; "Penal sanctions imposed only to prevent obstruction of justice."

Later, Kay Sieverding filed a motion requesting to know when she would be released and the terms and conditions of her release, but this motion was denied in further apparent violation of 18 USC § 242.

In their motion, Christopher Beall and Tracy Van Pelt cited a so-called injunction issued by Judge Nottingham that reads: "Plaintiffs are hereby enjoined and prohibited from commencing litigation in this or any other court based on the series of transactions described in this case, unless they are represented by counsel." (District of Colorado Federal Court case 02-cv-1950, Judge Edward W. Nottingham, 3/19/04.)

Edward W. Nottingham granted this sanction to parties still not identified, without a motion requesting it, without an accusation of wrongdoing, without citing a legal basis, with no witnesses, no statement of probable cause, no statements of disputed and stipulated facts, no evidence, no notice and no evidentiary hearing. The accused were never informed of the nature and cause of the accusation, even to this day. They were never confronted with the witnesses against them. They were never allowed to cross-examine the witnesses against them. They were denied a compulsory process for obtaining witnesses in their favor. They were denied the right to have the Assistance of Counsel for their defense. There were denied any defense whatsoever. They were denied basic due process. This deprived David Sieverding and Kay Sieverding, as well as their children, Tom and Ed, of rights secured by Amendments Five, Six and Fourteen as well

11

as rights secured by the Federal Rules of Civil Procedure in apparent violation of 18 U.S.C. § 242.

Judge Edward W. Nottingham cited Magistrate OE Schlatter's Report and Recommendation, in which Magistrate OE Schlatter said, "I RECOMMEND that they [David Sieverding and Kay Sieverding] be enjoined from filing any further lawsuits that relate to any of the series of events that occurred in Steamboat Springs, or that form the basis and backdrop for this case, unless plaintiffs are represented by counsel."

Magistrate OE Schlatter, however, makes it clear that this is his personal recommendation and not the conclusion of an adjudicative process. Thus, the recommendation was a successful solicitation to form a conspiracy against rights with Judge Edward W. Nottingham in joint apparent violation of 18 U.S.C. §§ 241 and 242.

The defense counsel in 02-cv-1950 furthered the conspiracy both through their silence and by citing Magistrate OE Schlatter's Report and Recommendation in subsequent legal actions, including this one, in the hope that the judges in these later proceedings would see the call and join the conspiracy, which many did.

Federal Rules of Civil Procedures, Rule 7 requires that 1) "An application to the court for an order shall be by motion" and 2.) that this motion "state with particularity the grounds therefore" 3.) that this motion "shall set forth the relief or order sought" But, none of these requirements were met, thus depriving David Sieverding and Kay Sieverding or their rights secured by Rule 7 in apparent violation of 18 U.S.C. 242.

This so-called injunction was issued in a manner that further deprived David Sieverding and Kay Sieverding of their rights secured by Rule 65 (a)(1) of the Federal Rules of Civil Procedure in apparent violation of 18 U.S.C. 242. Rule 65(a)(1) says, "…No preliminary injunction shall be issued without notice to the adverse party." There was no notice to the adverse party because no party that was adverse to David Sieverding and Kay Sieverding filed any motion requesting these sanctions. The Magistrates Report and Recommendation does not constitute notice under Rule 65 (a)(1) because said notice would have to come from an adverse party, not the judge. The Federal Rules of Civil Procedure do not quality the judge as an "adverse party" for purposes of Rule 65.

This so-called injunction was issued in a manner that deprived David Sieverding and Kay Sieverding of their rights secured by Rule 65 (c) of the Federal Rules of Civil Procedure in apparent violation of 18 U.S.C. 242. Rule 65(c) says, "No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant…" Thus, no restraining order or preliminary injunction can issue without an applicant.

This so-called injunction was issued in a manner that deprived David Sieverding and Kay Sieverding of their rights secured by Rule 65 (d) of the Federal Rules of Civil Procedure in apparent violation of 18 U.S.C. 242. Rule 65(d) says, "…Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained…" This order did not "set forth the reasons for its issuance", and did not "describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained". It did, instead, reference other documents.

12

There is a specific form required for an injunction, but this so-called injunction does not comply with this form and thus deprives David Sieverding and Kay Sieverding of their right that any injunction issued against them comply with the required form. In fact, when the David Sieverding and Kay Sieverding sent the document to the Supreme Court, they wrote back asking where the order was.

The right to sue, with or without a lawyer is secured by the First Amendment, the Fourteenth Amendment and 28 U.S.C. § 1654. This so-called injunction ordered David Sieverding and Kay Sieverding not to exercise this constitutional right, thus making it a prima facie apparent violation of 18 U.S.C. § 242.

## The Steamboat Springs Conspiracy Against Rights:

The first conspiracy against rights, the Steamboat Springs conspiracy, occurred in 2000. Many lawyers, judges, city employees, government officials and district attorneys in and around Steamboat Springs Colorado knowingly participated. This conspiracy is still ongoing since the civil restraining order that resulted from the conspiracy has never been voided.

The Steamboat Springs conspiracy sought to cover up an extortion scheme and apparent violations of the local development code. Getting out of these relatively minor crimes hardly justified the commission of a major federal crime (apparent violation of 18 U.S.C. §§ 241 and 242). But, the participants obviously thought that they could get away with the federal crime and that committing the federal crime would enable them to get away with the relatively minor crimes that started the whole thing, which, ironically, they will get away with.

In 1999, her neighbor, the Steamboat Springs city council president had Kay Sieverding cited for a municipal ordinance apparent violation for hiring a landscaper to trim some small branches of a willow tree hanging over the drive. This was a common law right. The law had existed for 25 years and had never once been used. County custom and practice was to trim trees as needed. Then, the city sent Kay Sieverding a copy of the law by FAX. They could put Kay in jail for six months for the apparent violation.

Then, the city prosecutor offered to drop the charges if Sieverding would agree to sign over $40,000 worth of land to the city council president for $1. Since the police, city attorney, city prosecutor, and municipal judge worked for the city council president, Sieverding signed over the land.

The law prohibited watering, mowing, planting, mulching, trimming or fertilizing plants in the city easement without a permit. People normally consider this easement to be part of their "front yard" and maintain it accordingly.

The city paid over $4,000 for the lawyer that drew up the land-for-pardon agreement. The city manager and the city attorney hired her and met with her to discuss the agreement. The city prosecutor specifically informed David Sieverding of the land-for-pardon agreement. David Sieverding specifically advised her that she was committing felony extortion and that he may request her criminal prosecution. But, she insisted that she had to do this because she was under orders to do so by her boss the city manager.

13

This extortion conspiracy was clearly planned in advance and involved the cooperation of the city attorney, assistant city attorney and city manager.

First, three police cars arrived on the scene and a policeman ordered Kay Sieverding to stop planting daises in the city easement in front of her property line until she got a permit. This served the purpose of making Kay Sieverding aware of the law.

Then, on her request, the City Manager issued Kay Sieverding the first permit ever issued under the ordinance.

The permit was vague. Kay felt that it covered trimming the branches of the willow tree that hung down to the ground and touched the daisy garden. So, she hired a landscaper to trim the branches, thus giving the city "grounds" for prosecution.

Up to this point, the law had never been enforced and all of the city's landscapers, tree surgeons, lawn services, building contractors, utilities (who trim trees so that they can run power and phone lines) and almost all of the city's landowners were operating in apparent violation of the law. Some landowners complied with the law by not maintaining their yard in any way, shape, or manner, but this was generally frowned upon.

Then, in 2000, the city council president began building several structures grossly out of compliance with the city development code. Kay reported the apparent violations. One remedy for code apparent violations is a court order to tear down the structures, thus giving the city council president, Kevin Bennett, good reason to attempt to obstruct justice by orchestrating a conspiracy against rights.

Then, Kay said, while standing on the city street, "Just because your husband is city council president doesn't mean that he gets to break the law" to Jane Bennett.

Jane Bennett called the police. They conducted routine interviews and filed a report. But, they did not make an arrest or issue a citation.

Then, Jane Bennett (who was not a police officer) committed the first overt act in the conspiracy against rights by issuing a citation for "harassment" against Kay Sieverding. Colorado does not provide for citizen's arrest. Then, by recognizing the validity of the citation and ordering her to be arraigned, and assigning a prosecutor, the Routt County District Attorney joined the conspiracy against rights. She pled "not guilty". The District Attorney kept the charges open for six months but never did supply Kay Sieverding or her attorney with a statement of probable cause and has turned down and/or ignored requests for a statement of probable cause as late as 2005.

Then, Kirby Blackman of the Steamboat Springs Police told Kay Sieverding that there was a conspiracy against Kay Sieverding's rights and that the DA was in on it.

Then, Jane Bennett went to County Judge Joel Thompson and asked him to order a hearing to issue a restraining order against Kay Sieverding. County Judge Joel Thompson then joined the conspiracy against rights by depriving Kay Sieverding of the rights secured under Colorado Rules of County Court Civil Procedure Rule 365, a civil restraining order for emergency protection under section 14-4-101 et. sq., "cannot legally initiated, heard and/or issued without a verified complaint followed by credible evidence that the defendant has (and will continue to) attack, beat, molest, threaten the life or

14

threaten serious bodily injury" against the plaintiff by ordering an emergency hearing to issue a permanent restraining order against Kay Sieverding. (Transcripts are available.)

Kevin and/or Jane Bennett may have blackmailed Judge Thompson. Later, Judge Thompson's live-in girlfriend was arrested for directly importing cocaine from Columbia and selling it. The police knew of this criminal activity for some time before making an arrest. It is likely that Kevin and/or Jane Bennett knew of this criminal activity at the time that Jane Bennett requested the restraining order hearing and that they blackmailed Judge Thompson into scheduling the hearing.

Then, with just three-business-days notice, Kay Sieverding was ordered to appear in court for a restraining order hearing. Her attorney quit and she was not able to find a replacement given such short notice. Giving Sieverding such short notice violated a right to sufficient notice secured by Colorado law.

Judge James Garrecht presided over the restraining order hearing. (Transcripts are available.) He did not offer Kay Sieverding a continuance so that she could find an attorney. He did not apprise her of her rights to an attorney. Instead, he forced her to represent herself against her express wishes.

The judge deprived Sieverding of her constitutional rights by preventing her from putting on a defense and from impeaching witnesses who committed perjury per se.

The Director of City Planning, Wendy Schulenburg, committed perjury per se when she said that the building were "100% compliant with the city development code". Sieverding sought to impeach the witness by having her read the development code and compare it to the actual buildings. But the judge barred her from impeaching the witness.

The defense that Sieverding sought to put on was that restraining order was being sought to intimidate her, to prevent her future testimony regarding apparent violations of the city development code and was thus being sought to obstruct justice.

Despite the judge's best efforts to suppress this defense, Sieverding was able to get in a snippet of this defense several times before he could stop her.

Despite the fact that none of the witnesses said that any violence had occurred and there was no evidence of violence, the lawyer, Randy Klauzer, kept referring to violence as though it existed.

There were a large number of witnesses but none offered any evidence upon which a restraining order could be issued. The judge even noted this. Then, at the insistence of Jane Bennett's attorney Randall Klauzer, the judge deprived Kay Sieverding of her rights under Colorado Law by issuing a restraining order that Kay had to maintain a distance of 25 feet from Jane Bennett. The restraining order came on a form based on the "domestic violence" statute, but Kay Sieverding and Jane Bennett definitely did not have a "domestic relationship" and no violence or threat of violence had occurred.

Then, Jane Bennett tried repeatedly to hunt Kay Sieverding down, get within 30 feet of her, and report it to the police in hopes that Judge Garrecht would put Kay in jail for 18 months as would be allowed under Colorado domestic violence legislation. There would be no appeal.

15

One time Kay allegedly walked down a sidewalk in front of a store where Jane Bennett was shopping and, according to Jane Bennett's police report, accidentally came within 30 feet of Jane Bennett.

Several such police reports were made. Because of the conspiracy against rights that had already occurred, David and Kay Sieverding felt certain that Jane Bennett would, one day, get the police to make an arrest and that Judge Garrecht would then sentence her to eighteen months in jail. So, they fled to Wisconsin.

Because there are so few prosecutions under 18 U.S.C. §§ 241 and 242, modern white collar criminals know that they can get away with violating these laws, as a result, the laws have lost any deterrent effect. Modern white color criminals behave as though the laws do not even exist, and by extension, ordinary people are treated as though they have no civil rights whatsoever. The only people who are not logical victims are those who can afford $400,000 in legal fees needed to pursue civil case.

After contacting the local police, local sheriff, Colorado Bureau of Investigation and Colorado Office of Attorney Regulation to no avail, the Sieverdings contact the Denver office of the FBI in 2000, but did not have access to a law library and could not match the crimes to a specific federal law that had been broken.

Colorado Attorney Regulation Council is required by statute to formally investigate all complaints of attorney misconduct or obstruction of justice through a defined procedure described in Colorado revised statutes rule of civil procedure 251. The procedure involves a written list of facts that the accused party must respond under penalty of perjury. This is to be followed by an oral hearing in which the complaining party is supposed to be able to attend and testify at, however, every time the Sieverdings complained the office refused to follow the statutory procedure, thus, themselves joining in the conspiracy against rights.

Agent Ramos suggested that the Sieverdings file a civil case first and then a criminal case. He felt that the civil suit would provide more evidence that the FBI could then use in a criminal case. Boy, did it ever!

## Issues Raised

This is similar to the Watergate conspiracy, which began with a simple burglary and evolved into a major conspiracy to obstruct justice. As was the case in the Watergate conspiracy, the successive attempts to both cover up the initial crimes and to cover up the cover up are worse than the original offense, which was nothing more than a simple extortion scheme and building of a structure in apparent violation of the local development code.

As was the case in the Watergate conspiracy, most of the participants hold law degrees and/or work as government officials or employees.

As was the case in the Watergate conspiracy, this created the we-versus-they group mentality that held the conspiracy together. In this case it was members of the legal community banding together to fight David Sieverding and Kay Sieverding.

16

As was the case in the Watergate conspiracy, the cover-up phase brought in high government officials including four Federal Judges and a Federal Magistrate and could even be extended to the three Circuit Courts of Appeal that affirmed the crimes en banc.

This case also has elements in common with the Rosa Parks case some fifty years ago. A woman is being held in clear apparent violation of her civil rights. Rosa Parks was convicted of violating an unconstitutional law. Sieverding is jailed without accusation solely to force her to surrender rights secured by 28 U.S.C. § 1654. If successful, this would prevent them from being prosecuted for apparent violation of 18 U.S.C. §§ 241 and 242.

More importantly, is both cases rights were violated because of class-based animus. Rosa Parks was discriminated against for the state of being black. Kay Sieverding was discriminated against for the state of being a pro se litigant. Pro se litigants fall into three classes; 1) people who do not have the approximately $300,000 annual income required to afford legal counsel, 2) people who experience denial of service by the legal industry.

Furthermore, law firms are so consistent in their denial of service as to create a situation where the legal industry itself tends to deny services to people with certain classes of controversy.

Law firms tend to deny service to people; 1) whose controversy is deemed "politically incorrect" and 2) whose controversy is outside the scope of the law firm's target market.

Law firm marketing tends to target those customers who fit that firm's idea of "the low hanging fruit", which is generally some common type of controversy that can be processed with a mass-production, cookie-cutter approach, such as would be the case with personal injury controversies.

Thus, denial of service is a particularly acute problem for people with unusual controversies. Item (2) substantially boils down to a denial of service to people with unusual controversies *such as civil rights cases*. It is almost impossible to find an attorney willing to work on a civil rights case outside of discrimination and/or employment law, particularly cases brought under 42 U.S.C. §§ 1981, 1982, 1983 and 1985 other than employment law cases. Furthermore, as civil rights controversies tend to occur more often among members of minority groups, item (2) leads directly to discrimination on the basis of race, gender, ethnicity, religion, sexual preference, politics and the like.

Thus, an invidious animus directed against pro se litigants tends to lead to discrimination against the classes of 1) people whose income places them in the bottom 99% of population, 2) people who have "politically incorrect" controversies, 3) people who have unusual controversies and 4) people who have controversies involving civil rights and 5) ethnic minorities, racial minorities, women, ethnic minorities, religious minorities, homosexuals, political minorities and the like.

Judges routinely deny that they harbor invidious animus against pro se litigants, but it would be virtually impossible for the defense attorneys in these cases to get the cooperation of any of the judges involved if those judges did not harbor invidious animus against pro se litigants. This series of cases involves two hearings in lower state courts, four cases in Federal Court and three appeals to Federal Circuit Courts. None of the

17

disposition can be explained except that the dispositions and were made on the basis of invidious animus against pro se litigants, as was the jailing.

While conspiracies against rights and deprivation of rights used to be mostly racial in nature and were most associated with hate groups, such as the Ku Klux Klan, today conspiracy against rights and deprivation of rights is mostly directed against pro se litigants and is most associated with local, state and, especially, the federal judiciary.

The consequence is the denial of full participation in society by the bottom 99% of that society. Ultimately, the top 1%, and corrupt local government officials, will be free to do whatever they want to the bottom 99% and the bottom 99% will be powerless to stop them. The courts will impose a peerage system on the bottom 99% of the population. The wealthiest 1% will become the lords and the poorest 99% will become the serfs.

## The Bad Faith Insurance Scam

In the course of the Denver Federal Court Case 02-cv-1950, the Sieverdings were victims of a nationwide bad faith insurance scam. Offshore reinsurance firms talk state legislatures into passing laws exempting a special class of insurance companies from regulation by the state insurance commissioners. With no oversight, these insurance agencies, called "intergovernmental risk sharing agencies" are free to engage in bad faith insurance in apparent violation of state insurance laws. They sell bad faith crime, errors and omission insurance exclusively to local government entities. Thus, they are probably ripping taxpayers off of billions of dollars annually, or close to it. An apparent desire to protect this scam seems to have intensified the conspiracy against rights.

By "bad faith insurance" one means that they collect premiums, but do not voluntarily pay claims. Instead, they pay to fight claims in court. As one might image, bad faith insurance is an enormously profitable crime with devastating consequences to its victims, the people who have valid claims against local governments for crimes, errors and omissions. You might try calling the Colorado Secretary of State and asking how CIRSA, Colorado Intergovernmental Risk Sharing Agency, is listed. We did and the secretary of state could not find their incorporation records.

## Subsequent Actions

### Minnesota (1)

David Sieverding and Kay Sieverding filed a complaint in the District of Minnesota Federal Court against the newspaper publisher for continuing publication of defamatory stories on the Internet.

The defense argued that the court order from 02-cv-1950 eliminated David Sieverding's and Kay Sieverding's right to sue the newspaper.

The court held a hearing to show cause why David Sieverding and Kay Sieverding were not in contempt. Sieverdings argued that the newspaper continued to publish the defamatory articles, which they had no right to do. Since these events were ongoing, they did not fall in the time period indicated in Judge Nottingham's order.

During the hearing, the defense presented an affirmative defense.

18

The defense did not supply a list of facts indicating which were stipulated, which were contested and which they did not know.

David Sieverding and Kay Sieverding sent in a number of motions for summary judgment that included the claims, facts and dollar amounts.

The defense allowed both the complaint and motions for summary judgment to default.

Under the Federal Rules of Civil Procedure, the judge was supposed to find for the plaintiff under these circumstances, but the judge dismissed on the basis of Judge Nottingham's court order despite the fact that Kay Sieverding's and David Sieverding's right to sue are protected by the First Amendment and 28 U.S.C. § 1654.

David Sieverding and Kay Sieverding feel that, in so doing, the judge and magistrate may have joined the conspiracy against rights that began in Colorado.

### Minnesota (2)

David Sieverding and Kay Sieverding filed a complaint in the District of Minnesota Federal Court against CIRSA, the city of Steamboat Springs insurance carrier.

As in Minnesota (1), the defense argued that the court order from 02-cv-1950 eliminated David Sieverding's and Kay Sieverding's right to sue the newspaper.

The defense did not supply a list of facts indicating which were stipulated, which were contested and which they did not know.

David Sieverding and Kay Sieverding sent in a number of motions for summary judgment that included the claims, facts and dollar amounts.

The defense allowed both the complaint and motions for summary judgment to default.

Under the Federal Rules of Civil Procedure, the judge was supposed to find for the plaintiff under these circumstances, but the judge dismissed on the basis of Judge Nottingham's court order despite the fact that Kay Sieverding's and David Sieverding's right to sue are protected by the First Amendment and 28 U.S.C. § 1654.

David Sieverding and Kay Sieverding feel that, in so doing, the judge and magistrate may have joined the conspiracy against rights that began in Colorado.

### Chicago

David Sieverding and Kay Sieverding filed a complaint in the District of Northern Illinois Federal Court that included the events covered by 02-cv-1950 and the litigation misconduct.

The judge immediately dismissed this case on the basis of Judge Nottingham's court order and res judicata.

David Sieverding and Kay Sieverding feel that, in so doing, the judge may have joined the conspiracy against rights that began in Colorado.



EXPRESS

**EXTREMELY URGENT**

# 1-800-CALL DHL

**1-800-225-5345**
**www.dhl-usa.com**

DO NOT SEND CASH, CASH EQUIVALENT OR JEWELRY
DHL CANNOT DELIVER TO P.O. BOXES

ORIGIN:
MSN

Sender's ref

POSTCODE:
**80294**

Tel. (303) 629-7171

EXP+

Parcels: 1/1

Time
10:30

KEDH 9E

Weight: Letter
DHL: 2005-12-10

All services provided b
DHL Express are subj
DHL Terms and Cond
of Carriage as publish
www.dhl-usa.com and
the DHL Waybill".
DHL liability shall not e
US $100.00. Shipment
Protection may be arra
upon request. If this sh
involves an ultimate sr
country other than the c
of departure, the Wars
Convention may be app

*Subject to change witho

© 2005 All rights re

From: Slides.com
E. Sierersing
641 BASSWOOD AVE
VERONA WI 53593
UNITED STATES Tel 608-848-5721

To: FBI
Attn: Civil Rights
1961 Stout Street
Suite 1823
Denver, CO 80294
UNITED STATES

Description: Slides

DHL standard terms and conditions apply

(Non Insertable)

WAYBILL: 2905 1067 7953

hese services:

ential Delivery
l Mail

is (USA), Inc
ine Island Rd
on, FL 33324

JOC #1000416 (6/05) BL

EXHIBIT H
USMS HAD PREVIOUSLY REPRESENTED
THAT MRS. SIEVERDING WAS CHARGED
WITH AN UNSPECIFIED "FELONY"

Case 09-cv-00568-JDB Document 7-6 Filed 05/07/2009 Page 46 of 29
Case 3:09-cv-01950-EWN Document 726 Filed 05/17/10 Page 46 of 60
MAY 10 2007 17:15 FF                                    TO 916082846050          P.02/1

U.S. Department of Justice
United States Marshals Service



# DETAINER
## AGAINST UNSENTENCED PRISONER
## BASED ON FEDERAL ARREST WARRANT
### United States Marshal
### WESTERN ~ WISCONSIN
*(District)*

440 U.S. COURTHOUSE, 120 N HENRY ST
MADISON, WI 53703-2559
608-661-8300 FAX 608-661-8304

*(Return Address and Phone)*

*Please type or print neatly:*
TO:

DANE COUNTY JAIL
PHONE 608-266-4948
FAX 608-284-6050

** FELONY **
NO BOND HOLD **

DATE: 5/10/2007

SUBJECT: SIEVERDING, KAY

AKA

DOB/SSN:

REF. # FID 1119544

USMS #:

CR #: 02-CV-01950-EWN-OES

Please accept this Detainer against the above-named subject who is an unsentenced prisoner currently in your custody. The United States District Court for the     District of COLORADO     has issued an arrest warrant(s) charging the subject with the commission of the following offense(s):

FAILURE TO APPEAR

Prior to the subject's release from your custody, please notify this office at once so that we may assume custody if necessary. If the subject is transferred from your custody to another detention facility, we request that you forward our Detainer to said facility at the time of transfer and advise this office as soon as possible.

The notice and speedy trial requirements of the Interstate Agreement on Detainers Act do NOT apply to this Detainer because the subject is not currently serving a sentence of imprisonment at the time the Detainer is lodged. **IF THE SUBJECT IS SENTENCED WHILE THIS DETAINER IS IN EFFECT, PLEASE NOTIFY THIS OFFICE AT ONCE.**

Please acknowledge receipt of this Detainer. Please provide one copy of this Detainer to the subject and FAX one copy to this office at   303-335-3388 .
*FAX No.*

| RECEIPT |
|---|
| Date: |
| Signed: |
| By: |
| Title: |

PE10

Very truly yours,
EDWARD ZAHREN
U.S. Marshal

Requested by: KELLY HUFFMAN, IRS  303-335-3374

PE10

Form USM-16A
Rev. 04/05

EXHIBIT I
DOJ CRIMINAL DIVISION HAS
NO RECORDS OF ANY CRIMNAL CHARGES,
ARREST WARRANTS OR SEARCH WARRANTS
FOR MRS. SIEVERDING IN THEIR
"CENTRAL INDEX OF RECORDS"
CRM 201000863P 12/21/2010



**U.S. Department of Justice**

Criminal Division
Office of Enforcement Operations

*Washington, D C  20530*

DEC 2 1 2010

CRM  201000863P

Kay Sieverding
641 Basswood Avenue
Verona, WI 53593

Dear Ms. Sieverding:

This letter is in reference to your pending Freedom of Information Privacy Act request to the U.S. Department of Justice, dated November 16, 2010, and your subsequent letter dated December 6, 2010.  In your request you asked for copies of records of all criminal charges, search warrants, or arrests warrants concerning yourself.  In your follow-up letter you indicated that you were detained by the United States Marshals Service (USMS) several times.

A search of our central index of records did not locate any records concerning you.  It appears the records you seek would be maintained by the USMS.  Therefore, you should direct your request to their address below, if you have not already done so.  In addition, FOIA information for the USMS is publicly available on the web at: **www.usmarshals.gov.**

> William E. Bordley, Associate General Counsel
> Office of General Counsel
> Department of Justice, U. S. Marshals Service, Attn:  FOI/PA,
> CS3-12th Floor, Washington, DC  20530-1000
> **fax** at (202) 307-8544
> **email** at USMS.FOIA@usdoj.gov.

Thank you for your interest in the Criminal Division.

Sincerely,

Rena Y. Kim
by K—

Rena Y. Kim, Chief
Freedom of Information/Privacy Act Unit
Office of Enforcement Operations
Criminal Division

\

EXHIBIT J
MRS. SIEVERDING WAS A FEDERAL
PRISONER IN COLORADO IN 2005, 2006, AND 2007
AND
THE USMS OFFICE IN COLORADO CLAIMED
SHE WAS WANTED FOR A "FELONY"
BUT
AS OF 1/26/2011
THE US. ATTORNEY IN COLORADO
CLAIMED TO HAVE NO RECORDS
RE KAY SIEVERDING

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N W, Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757  FAX: 616-6478  (www usdoj gov/usao)*

Requester:_____ Kay Sieverding _____

Request Number: 2010-4248 _____ Date of Receipt:_____ 1/26/2011 _____

Subject:____ Self _____

*2 3 FEB 2011*

Dear Requester:

In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1.   [   ]   A search for records located in EOUSA - _____ has revealed no responsive records regarding the above subject.

2.   [ x ]   A search for records located in the United States Attorney's Office(s) for the _____
       **District of Colorado** _____ has revealed no responsive records regarding the above subject.

3.   [   ]   After an extensive search, the records which you have requested cannot be located.

4.   [   ]   Your records have been destroyed pursuant to Department of Justice guidelines.

5.   [   ]   Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought.  Each file was given a separate Request Number (listed below), for which you will receive a separate response:

       _____

       This is the final action on this above-numbered request.  You may appeal this decision on this request by writing to the **Office of Information Policy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**.  Both the letter and envelope should be marked "FOIA Appeal." Your appeal must be received by OIP within 60 days from the date of this letter. If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

Sincerely,

William G. Stewart II
Assistant Director

Form No 005 - 4/09

EXHIBIT K
MRS. SIEVERDING WAS A FEDERAL
PRISONER IN WISCONSIN IN 2006 AND 2007
AND
THE USMS OFFICE IN COLORADO CLAIMED
SHE WAS WANTED FOR A "FELONY" AND SENT A FAX
TO THE USMS OFFICE IN WESTERN WISCONSIN
REQUESTING HER DETENTION WITHOUT BOND
BUT
AS OF 9/15/2008
THE US. ATTORNEY IN WESTERN WISCONSIN
CLAIMED TO THE FOIPA OFFICE IN D.C. THAT THEY
HAD NO RECORDS
RE KAY SIEVERDING

Memorandum



| | | |
|---|---|---|
| FOR | FOIA Staff, BICN Bldg. | DATE |
| RETURN | 600 E Street, N.W., Room 7300 | RETURNED: |
| TO: | Washington, D.C. 20530-0001 | |

| | |
|---|---|
| Subject: | Date |
| Requester: KAY SIEVERDING | |
| Subject: SELF (CHARGES) | SEP 1 5 2008 |
| Number: 08-2830 | |
| District: WIW | |

| | |
|---|---|
| To: | From: 7C '3⁰ |
| FOIA/PA CONTACT | |
| | EOUSA |
| AUSA RICHARD HUMPHREY | TEL: 202-616-0195 |
| | FAX: 202-616-6478 |

### *PLEASE READ CAREFULLY*

We have received the attached Freedom of Information Act request. Because it is not the typical first party request for all records about the requester (i.e., it asks for a specific record, statistical data, office administrative records, records about a staff member, etc.), look **ONLY** for the record(s) described by the requester. DO NOT SEND COURT-FILED RECORDS <u>UNLESS SPECIFICALLY REQUESTED.</u>

After you have expended two hours of search time, stop searching and contact us. We will need an estimate of how long you believe it will take you to complete the search, approximately how many pages are in the file, and whether it is a multi-defendant case.

This form and any applicable attachments must be completed and returned to this office within 10 days, unless otherwise advised. Incomplete forms will be returned to you for completion. If you have questions or need to discuss this request, please call my office at the number above. Otherwise, please either forward copies of the requested record(s) or indicate below that there are **NO RECORDS** responsive to the request and return this memorandum to the address above.

Thank you for your cooperation.

### PLEASE CHECK ONE:

_____ Records requested are enclosed.

___✓___ No records responsive to this request.

_____ Pending investigation, trial, appeal or fugitive(s) involved: **CALL** our office at the number above and complete pending checklist 007A.

### COMMENTS:

_____

_____

Signature of person completing this checklist: *Richard D Humphrey*

Date signed: *9-24-08*_____ Telephone Number: _608\_ 7C

Name and phone number of AUSA assigned to. or familiar with. case:

_____

Attachment(s)

Form No. 10B - 3/06

RIP
7C
1.1⁰

## Certification of Search

Requester Name: _Kay Sieverding_

Request Number: _08-2830_

I certify that I conducted a search for records responsive to the above-referenced FOI/PA request as follows:

1a.   Names searched under _Kay Sieverding_
     Any other names searched, A.K.A. etc. _____

1b.   Subject searched under _____

1c.   Case files searched CR#, CIV# _____

2.   Computer Systems Searched: _____
     _____ PROMIS; _____ TALON; __✓__ LIONS;
     _____ Other, List:

3.   I searched all card file indexes for _____ Criminal; _____ Civil;
     _____ Asset Fortfeiture cases; _____ other files index
     for our office.

4.   I searched the Federal Records Center _____ Criminal; _____ Civil;
     _____ other files index for our office.

5.   Records were destroyed.  Attached is a copy of evidence to prove that records were destroyed. _____

6.   I e-mailed/faxed/phoned _____ ✓ Criminal AUSAs; _____ ✓ _____ Civil
     AUSAs regarding whether they have any files in their offices on subject(s).

7.   I took other search measures, as follows: _____
     _____

8.   I have attached all written documentation indicating dates I searched, where, who I called, etc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _Sept 25, 2008_ _____ ,2008. Phone Number: _7C_

Typed Name: _7C, bb_

Signature: _7C, bb_

Form No. 041 - 1/08



**From:**
**Sent:** Wednesday, September 24, 2008 3:36 PM
**To:** ... (USAWIW)
**Cc:** (USAWIW)
**Subject:** RE: FOIA Request from Kay Sieverding

We have absolutely nothing except what has been filed in court and is of public record.  We have no file open and never have.

---

**From:** 7C,ble   (USAWIW)
**Sent:** Wednesday, September 24, 2008 3:06 PM
**To:** USAWIW-Entire
**Subject:** FOIA Request from Kay Sieverding

If you have any records concerning Kay Sieverding, please let me know by noon tomorrow.

Thanks,

Telephone:
Facsimile:  608-264-5724
E-Mail:

1

7C₁b4

**From:** 7C₁b4 : (USAWIW)
**Sent:** Friday, June 05, 2009 10:56 AM
**To:** 7C₁b4 :(USAWIW)
**Subject:** RE: explanation requested of "to 916086618304" listed on so called warrant dated 9/25/06

Okay. Thanks. I couldn't quite recall.

**From:** 7C₁b6 W)
**Sent:** Friday, June 05, 2009 10:51 AM
**To:** 7C₁b4 (USAWIW)
**Subject:** RE: explanation requested of "to 916086618304" listed on so called warrant dated 9/25/06

Actually, it was Washington that sent her request to us. We responded by telling Wash. that we have no records.

**From:** 7C₁b4 (USAWIW)
**Sent:** Thursday, June 04, 2009 11:32 AM
**To:** 7C₁b4 (USAWIW)
**Cc:** 7C₁b4 (USAWIW)
**Subject:** RE: explanation requested of "to 916086618304" listed on so called warrant dated 9/25/06

b5

b5

I'm open to any suggestions.

Thank you.

7c

**From:** 7C₁b4
**Sent:** Thursday, June 04, 2009 11:02 AM
**To:** 7C₁b4
**Cc:** 7C₁b4
**Subject:** FW: explanation requested of "to 916086618304" listed on so called warrant dated 9/25/06

**From:** kaysieverding@aol.com [mailto:kaysieverding@aol.com]
**Sent:** Thursday, June 04, 2009 10:10 AM
**To:** Michael_Lieberman@fd.org; Raymond_Moore@fd.org; Peterson, Erik 2 (USAWIW); Edward_Harris@fd.org; Dorschner, Jeffrey (USACO)
**Subject:** explanation requested of "to 916086618304" listed on so called warrant dated 9/25/06

Dear U.S. Attorney Peterson and federal public defender's offices in Colorado and Wisconsin   RIP

b4, b5 _ AWP
DPP

EXHIBIT L
THE USMS FOIPA OFFICE
DID NOT RELEASE ANY RECORDS
SHOWING THAT MRS. SIEVERDING WAS CHARGED
WITH A FELONY AND AS OF 3/24/2011
THEY CLAIMED TO HAVE NO ADDITIONAL RECORDS



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

---

*2604 Jefferson Davis Hwy.*
*Alexandria, VA  22301*

March 24, 2011

Kay Sieverding
641 Basswood Avenue
Verona, WI  53593

**Re:  <u>Freedom of Information/Privacy Act Request Nr. 2011USMS16579</u>**

Dear Requester:

The United States Marshals Service (USMS) is in receipt of your request dated December 2, 2010, requesting a copies of various reports and forms accompanying your fingerprints as well as your fingerprints.

By letter dated July 16, 2007, the USMS released all records in our possession regarding you.  We have no additional records regarding you.  We will no longer respond to your request for additional records.

Sincerely,

William E. Bordley
Associate General Counsel/FOIPA Officer
Office of General Counsel

EXHIBIT M
VARIOUS DOJ OFFICES HAVE NO RECORDS
OF INCARCERATIONS OF PRO SE LITIGANTS
WITHOUT CRIMINAL CHARGES



**U.S. Department of Justice**

Office of Information Policy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

**MAY 0 3 2011**

Re:   AG/11-00324(F)
        DAG/11-00325(F)
        ASG/11-00326(F)
Ms. Kay Sieverding                    OIPL/11-00328(F)
641 Basswood Avenue                   OLA/11-00327(F)
Verona, WI  53593                     CLM:JES:RFO

Dear Ms. Sieverding:

This is an interim response to your Freedom of Information Act/Privacy Act (FOIA/PA) request dated December 24, 2010, and received in this Office on January 13, 2011, for records pertaining to the incarcerations of vexatious or pro se litigants without criminal charges. This response is made on behalf of the Offices of the Attorney General, Deputy Attorney General, Associate Attorney General, Intergovernmental and Public Liaison, and Legislative Affairs.

Please be advised that a search has been conducted of the electronic database of the Departmental Executive Secretariat, which is the official records repository for the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General, and no records responsive to your request were located.

Furthermore, please be advised that we are continuing our searches for responsive records in the Offices of the Intergovernmental and Public Liaison as well as Legislative Affairs. We will write to you again once our searches are completed and disclosure determinations are made, should responsive documents be located.

If you are not satisfied with my interim response to this request on behalf of the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General, you may administratively appeal by writing to the Director, Office of Information Policy, United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001. Your appeal must be received within sixty days from the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Carmen L. Mallon
Chief of Staff



**U.S. Department of Justice**

Office of Information Policy

---

*Telephone: (202) 514-3642*            *Washington, D.C. 20530*

JUN 1 4 2011

Ms. Kay Sieverding                    Re:    OIPL/11-00328(F)
641 Basswood Avenue                          OLA/11-00327(F)
Verona, WI  53593                            CLM:JES:RFO

Dear Ms. Sieverding:

     This is an interim response to your Freedom of Information Act/Privacy Act (FOIA/PA) request dated December 24, 2010, and received in this Office on January 13, 2011, for records pertaining to the incarcerations of vexatious or pro se litigants without criminal charges.  This response is made on behalf of the Office of Intergovernmental and Public Liaison and the Office of Legislative Affairs.

     Please be advised that a search has been conducted in the Office of Intergovernmental and Public Liaison and no records responsive to your request were located.

     Furthermore, please be advised that we are continuing our search for responsive records in the Office of Legislative Affairs.  We will write to you again once our search is complete and disclosure determinations are made, should responsive documents be located.

     If you are not satisfied with my interim response to this request on behalf of the Office of Intergovernmental and Public Liaison, you may administratively appeal by writing to the Director, Office of Information Policy, United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001.  Your appeal must be received within sixty days from the date of this letter.  Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

                         Sincerely,

                         Carmen L. Mallon
                         Chief of Staff