UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

David Sieverding and Kay Sieverding    )
                                        )          11-cv-01032-JDB
v.                                      )
United States Department of Justice     )

## MOTION FOR MORE DEFINITE STATEMENT OF ISSUES IN DOJ FILINGS

## NUMBER 16, 21, 22, AND 23.

Plaintiffs seek a court order requiring DOJ to answer the following questions, clarifying the positions in DOJ's pleadings.

1.) Does DOJ still maintain that there was an authorized law enforcement function supporting its three imprisonments of Mrs. Sieverding without a criminal charge and if so, what is the law enforcement function is and how, when, and where it was authorized?

2.) Since the USMS FOIPA officer has indicated in the affidavit filed 8/15/2011 that his office has a record as to what was or was not released to plaintiffs over four years ago in July 2007, does DOJ still maintain that there was no list of what was released in July 2007?

3.) Does DOJ agree to "admit" the facts plaintiffs stated in their motion for partial summary judgment which, in document 16-2, DOJ stated were irrelevant but did not state were untrue?

4.) Does DOJ have screen images of arrest warrants for Mrs. Sieverding that were entered into the Warrant Information Network supporting the three affidavits it filed in 2009?

5.) Does DOJ maintain that the JABS (Joint Automated Booking System) records could have been litigated in 2009 even though they were not released in 2009?



RECEIVED
Mail Room

AUG 16 2011

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

6.) How does DOJ assert that 28 CFR 16.101 (t), which limits the scope of Privacy Act exemptions from the JABS, affects the claims given that there is no record of authority for a law enforcement function authorizing arrest and imprisonment for noncriminal contumacious litigation?

7.) Does DOJ believe that the District of Colorado 02-cv-1950 disputed magistrate's report and recommendation that it cited as Sieverding v. Colorado Bar Assoc 2003 WL 22300218 (D. Colo. 2003) (Doc 16, line 4 page 3) is an opinion or judgment?

8.) In document 16-1 page 4 line 7-8, DOJ counsel states "she and her husband unleashed a cataract of frivolous lawsuits". Rule 9(b) requires that "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The plain language of rule 9(b) "the party" clearly refers to both defendants as well as plaintiffs. If the plaintiffs were "unleashing" "cataracts" (sic) of "frivolous lawsuits" then is DOJ implying that they filed something that was fraudulent or a mistake? If so, will DOJ be more specific?

9.) What is the basis of DOJ's authority to claim that a person cannot file under 5 USC section 552a g(1)(D) for Privacy Act violations that involve records about a spouse or a threat to imprison the complaining party?

10.) Is DOJ asserting that there cannot be liability for conspiracy with a judge?

11.) In its "OVERVIEW OF THE PRIVACY ACT OF 1974, 2010 EDITION" (http://www.justice.gov/opcl/1974ssnu.htm) DOJ writes ""In fact, two courts of appeals have held that section 7 of the Privacy Act applies exclusively to federal agencies". Why is DOJ now claiming that section 7(b) does not apply to DOJ?

12.) Is DOJ claiming that there is no statutory right to be free from imprisonment without a criminal charge?

13.) Is DOJ claiming that there is no statutory right to an opinion in a federal civil case or to having that opinion be based on truthful findings?

14.) Since in 1995, DOJ published in the Federal Register that booking was a part of the arrest procedure, is DOJ now claiming that booking is not a part of arrest procedure?

15.) Since the FBI claims that a final disposition and a sentencing date is required for JDIS records, (See Exhibit GG attached) and DOJ does not have a sentencing date or a final disposition, why is DOJ opposed to expungement of the JDIS records it created on Mrs. Sieverding?

Please find attached a statement of material facts to which there is no genuine issue, a memorandum of points and authorities, and a proposed order.

DOJ counsel David Rybicki is opposed to this motion.

Respectfully,

David Sieverding          8/15/2011          Kay Sieverding          8/15/2011

641 Basswood Ave. Verona WI 53593 608 848 5721

3

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

David Sieverding and Kay Sieverding    )
                                       )         11-cv-01032-JDB
v.                                     )
United States Department of Justice    )

**AFFIDAVIT UNDER PENALTY OF PERJURY AND STATEMENT OF**

**MATERIAL FACTS TO WHICH THERE IS NO GENUINE ISSUE IN SUPPORT**

**OF MOTION FOR MORE DEFINITE STATEMENT OF ISSUES IN DOJ FILINGS**

**NUMBER 16, 21, 22 AND 23.**

1.) DOJ's response to the plaintiffs motion for adjudicative notice "that the Federal Register includes no use of the phrase 'civil bench warrant', no use of the phrase 'civil contempt of court commitment' and no use of the phrase 'civil contempt imprisonment' that are relevant to litigation." was confusing because DOJ did not dispute the facts stated, and offered no rule or statute, yet claimed to oppose the motion.

Case 1:11-cv-01032-JDB   Document 21   Filed 08/10/11   page 1-2

2.) The second Bordley declaration, dated 8/10/2011 and filed 8/15/2011, states that the plaintiffs had requested "Act of Congress under which Mrs. Sieverding [was] arrested, detained, strip-searched, and taken to Colorado in the events of 2005-2006 and 2007" and "warrant for her arrest" in 2005 and states that "none of those records was (SIC) among the documents located as a result of USMS searches for records pertaining to Mrs. Sieverding."

Case 1:11-cv-01032-JDB   Document 23-1   Filed 08/15/11   Page 2 of 19

3.) Mrs. Sieverding's diligent search of the records shows no authority for USMS arrests and detentions of herself. (Affidavit under penalty of perjury).

4.) In its motion to dismiss, document 16, DOJ maintained that there are civil bench warrants and that there is authority to arrest and detain without a criminal charge writing

4

"The JABS and PTS records at issue are obviously within the scope of authorized law enforcement activity: arrest and detention of Mrs. Sieverding pursuant to civil bench warrants". Case 1:11-cv-01032-JDB   Document 16-1   Filed 07/22/11   Page 11 of 17

"This Court has previously recognized the USMS's broad law-enforcement authority, which includes enforcement of the civil bench warrants Plaintiffs challenge here. All claims that Mrs. Sieverding's detention was unlawful because she was never charged with a crime are accordingly meritless." Case 1:11-cv-01032-JDB   Document 16-1   Filed 07/22/11   Page 3 of 17

"the JABS {Joint Automated Booking Sytems] is not confined to inclusion of law-enforcement records involving criminal prosecutions" Case 1:11-cv-01032-JDB   Document 16-1   Filed 07/22/11   Page 12 of 17

5.) In document 16, DOJ attached a statement in response to plaintiffs' statement of material facts in their motion for partial summary judgment that did not conform to Rule 8 (b)(4) because it objected to the admission of statements without claiming or supporting the position that the statements were untrue.

6.) DOJ has repeatedly stated that it imprisoned Mrs. Sieverding because she lacked the capacity or authority to sue the third parties but sued them anyway. See 09-0562 motion to dismiss document 8 and Case 1:11-cv-01032-JDB   Document 16-1   Filed 07/22/11   Page 4 of 17 . Rule 9(a)(2) requires facts supporting the position that Mrs. Sieverding lacked the capacity or authority to sue the third parties.

7.) The Sieverdings have also requested reports and/or screen images of warrants for Mrs. Sieverdings' arrest from the Warrant Information Network system. Amended complaint paragraph 157 Document 5 page 38

8.) In the Bordley declaration filed on 8/15/2011, page 2, paragraph 5 there is a reference to pending FOIA requests but it does not acknowledge the request for the Warrant Information Network screen images. (see Amended Complaint paragraph 157) Case 1:11-cv-01032-JDB   Document 23-1   Filed 08/15/11   Page 3 of 19

9.) In the second Bordley declaration dated 8/10/2011 and filed on 8/15/2011, it is asserted that 197 pages were released to plaintiffs over 4 years before in July 2007, and also that various records were not included in the releases or found in the records.

Case 1:11-cv-01032-JDB   Document 23-1   Filed 08/15/11   Page 2-3 of 19

10.) A diligent search of the second Bordley declaration and the other documents from DOJ do not show a logical explanation as to how the USMS FOIPA officer, Mr. Bordley, could possibly know the number of pages released and which documents were or were not included in the release four years before his second affidavit unless the USMS FOIPA office possesses a list of the documents that were released.  If the only record they had was of the number of pages, as from a photocopy machine, then there would be no record of which documents were among the pages. (Affidavit under penalty of perjury)

11.)  A diligent search of the records that the plaintiffs received from USMS show screen images for the JABS system and the PTS system but don't show screen images for arrest warrants entered into the WIN system.  The only documents that purport to be warrants are PACER documents with handwritten signatures and stamps on them that obviously did not come from a computer system. Since USMS has stated that it has released all documents and the plaintiffs have no copies of any document that is plausibly a screen image for a warrant for Mrs. Sieverding's arrest that was entered into the Warrant Information Network, there is no document in plaintiffs' possession providing support for the affidavits filed in 2009 that the arrest warrants were entered into the WIN system. (Affidavit under penalty of perjury)

12.) DOJ document 16 does not adequately address amended complaint ¶¶ 60-63 and does

not confirm or deny that there are no warrants for Mrs. Sieverding's arrest that were

entered into the WIN system:

¶ 60 USMS executed arrest warrants on Mrs. Sieverding in 2006 and 2007 causing Mr. and Mrs. Sieverding damages as described below.

¶61 The JABS records released about Mrs. Sieverding show that there were no warrant numbers for her arrest.[1]

¶62 The USM Form 129 dated 5/14/2007 released in December 2010 shows that there were no warrant numbers even though Mrs. Sieverding was arrested three times before then and the WIN system generates warrant numbers when warrants are entered and therefore, the arrest warrants could not have been entered into the WIN system.[2]

¶63 The creation and communication of documents through an alternate system for the purposes of causing a detention without using a system of records disclosed to Congress, i.e. the WIN system, is a violation of 5 U.S.C. § 552a

(e) Agency requirements Each agency that maintains a system of records shall--
(4) subject to the provisions of paragraph (11) of this subsection, publish in the Federal Register upon establishment or revision a notice of the existence and character of the system of records, which notice shall include--(A) the name and location of the system

13.) In the first Bordley declaration, it was implied that there were no Joint Automated

Booking System records, but in 2010 JABS records about Mrs. Sieverding were

released.


Case 1:09-cv-00562-JDB    Document 12    Filed 06/12/2009  Page 2 of 12

Case 1:11-cv-01032-RBW Document 6 Filed 06/17/11 Page 14 of 60

yet in doc 16, p 7, lines 16-17, DOJ asserted "All of the claims they raised under the

[Privacy] Act here certainly could have been brought in [09-0562]." Plaintiffs cannot

imagine how they could have made claims in 09-0562 related to the JABS records that

---

[1] Case 1:11-cv-01032-RBW  Document 1-1  Filed 06/01/11  Page 7 of 73
[2] Case 1:11-cv-01032-RBW  Document 1-1  Filed 06/01/11  Page 9 of 73

they didn't know existed at that time. (affidavit under penalty of perjury)

14.) The Code of Federal Regulations regarding the Joint Automated Booking System, 28

CFR 16.101 includes a subsection (t) limiting the scope of Privacy Act exemptions, but

a diligent search of document 16 failed to find any reference to subsection (t) only to

subsection (s).  (affidavit under penalty of perjury)

Case 1:11-cv-01032-JDB   Document 16-1   Filed 07/22/11   Page 9 of 17

Case 1:11-cv-01032-JDB   Document 16-1   Filed 07/22/11   Page 14 of 17

15.) In document 16, p 8 lines 8-9,  DOJ maintains that the Privacy Act only allows claims

for inaccurate records not for unlawful dissemination of accurate records.  However in

its 2010 version of "Overview of the Privacy Act", DOJ discusses Gerlich v. DOJ, No.

08-1134, 2009 WL 2959884 (D.D.C. Sept. 16, 2009) stating

> The court noted that "[m]ost 'adverse determination' claims hinge on inaccurate
> or incomplete records." Id. at *12. Here, however, the plaintiffs alleged that
> "irrelevant records (i.e., the records of their First Amendment activities) led to an
> adverse determination against them (i.e., deselection by the Screening Committee)."
> Id. The court rejected the Department's argument that the plaintiffs' failure to allege
> any inaccuracy was grounds for dismissal of plaintiffs' (e)(5) claim: "By the plain
> language of (g)(1)(C), relevance stands on equal footing with accuracy, timeliness and
> completeness as a basis for pursuing money damages for an adverse determination."
> Id. The court then concluded that "plaintiffs have met their pleading burden with
> respect to their subsection (e)(5) claim" because they alleged "that they suffered an
> adverse determination (deselection/non-hiring), that DOJ maintained irrelevant records
> (regarding plaintiffs' First Amendment activities) which undermined the fairness of the
> hiring process, that DOJ's reliance on those records (or the reliance of its employees . .
> .) proximately caused the adverse determination, and that DOJ (again, through its
> employees . . .) acted intentionally or willfully in maintaining such records." Id.

16.) In Document 16-1 on page 3 line 4, DOJ references a West Law citation to a disputed

magistrate's report and recommendation as if it were an opinion.

17.) In document 16-1 page 4 line 7-8, DOJ counsel states "she and her husband unleashed a cataract of frivolous lawsuits". Rule 9(b) requires that "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The plain language of rule 9(b) "the party" clearly refers to both defendants as well as plaintiffs. If the plaintiffs were "unleashing" "cataracts" (sic) of "frivolous lawsuits" but DOJ has not detailed how or why the third party lawsuits involved fraud or mistake as is required by Rule 9(b).

18.) In Doc 16 p 6 Line 14, DOJ wrote "Mr. Sieverding lacks standing to assert claims on his wife's behalf" but it failed to detail why Mr. Sieverding could not assert damages to himself under 5 USC 552a g(1)(D), which does not require that the records be about the person who was damaged. In the amended complaint, ¶¶ 133-136 discuss damages to Mr. Sieverding, which include damages from threats that USMS would imprison Mr. Sieverding without a criminal charge.

19.) In DENNIS v. SPARKS ET AL., 101 S. Ct. 183, 449 U.S. 24 (U.S. 11/17/1980), the Supreme Court states that there can be liability for a conspiracy with a judge.

20.) In doc 20 16-1 p 8 line 7-8 referring to the Sieverdings claim under 5 U.S.C. § 552a [7] (b) Any Federal, State or local government agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it " DOJ asserted "Plaintiffs do not enjoy a private right of action based on an uncodified historical and statutory note"

21.) In DOJ's 2010 discussion of the Privacy Act, it discusses potential liability under 5 USC 552 a subsection 7(a), which had the same statutory history as subsection 7(b) and

states "In fact, two courts of appeals have held that section 7 of the Privacy Act applies

exclusively to federal agencies". http://www.justice.gov/opcl/1974ssnu.htm

22.) In document 16, DOJ wrote "the JABS and PTS records Plaintiffs challenge were

created after and as a result of each of Mrs. Sieverding's arrests."

   Case 1:11-cv-01032-JDB   Document 16-1   Filed 07/22/11   Page 8 of 17

   But also claimed in the Federal Register 60 FR 18853-02 at 18854 (Apr. 13, 1995)

   [t]he primary purpose of the JABS system is to enable Federal, State, and local
   agencies which conduct arrests and/or booking activities to store such data in
   regional repositories to eliminate duplication efforts among multiple law
   enforcement agencies participating in a single booking/arrest, to follow the
   arrestee through the booking process, and thereby share "realtime" booking and
   arrest data within a region

Case 1:11-cv-01032-JDB   Document 16-1   Filed 07/22/11   Page 10 of 17

23.) The amended complaint ¶ 58 states:

   The JABS records about Mrs. Sieverding are blank in the space for who entered the
   "arrested or received information[3] and are also blank for the "role" of the person
   entering booking information[4] despite DOJ representations that access to the JABS
   system is tightly controlled. Because system access was not adequately restricted and
   documented, Mrs. Sieverding was arrested without a criminal charge or an arrest warrant

   But document 16-1 p 12 states that

   "plaintiffs nowhere explain why the fact that the fields are blank show how the JABS is
   not "tightly controlled" or adequately restricted and documented and plead no fact
   supporting how those allegations could reasonably be inferred.

---

[3] Case 1:11-cv-01032-RBW   Document 1-1   Filed 06/01/11   Page 6 of 73
[4] Case 1:11-cv-01032-RBW   Document 1-1   Filed 06/01/11   Page 7 of 73

24.) The amended complaint ¶¶ 55-56 states

> DOJ didn't establish rules of conduct for the JABS system that adequately required that the system be used only in conjunction with a criminal prosecution and that caused both Mr. and Mrs. Sieverding damages as described below and violated 5 U.S.C. § 552a e(9).

> There are also no computer system provisions for making sure that any of the required steps of a criminal prosecution such as an arraignment, notification of rights, bail hearing, speedy trial notice, trial within a specified period of time, or sentence that are attached to the Joint Automated Booking System or the Prisoner Tracking System.

> But in Doc 16, p 12, DOJ called this a "barebones allegation".

25.) The amended complaint (see notice of errata) includes

> ¶ 29. The FBI is maintaining a Criminal Justice Information System record that Mrs. Sieverding was guilty and sentenced to 124 days in county jail for "5005 civil contempt"31 despite the fact that that is not a codified offense recognized by Congress. There is also no Final Disposition Report R-84 and there is no FBI number, which is required as part of a Final Disposition Report.

> ¶ 31 There was no sentence as defined in the Federal Rules of Criminal Procedure and the FBI website discussion of the Criminal Justice Information System states that **date of sentence is required.** See http://www.fbi.gov/about-us/cjis/fingerprints_biometrics/arrest-disposition-submission/arrest_disposition_submission p 3 # 6) "Final disposition".   Since Mrs. Sieverding was not sentenced, there was no date of sentencing.  (emphasis supplied)


That links to a FBI website saying

**"No Disposition Provided or Non-Final Disposition - Examples of Non-Final Dispositions are: bail set, held, hearing date, trial date, charged with. This information is not posted to a subject's Criminal History Record. "** (emphasis supplied)

This discusses procedures for court ordered expunction, See Exhibit GG attached, but

makes no representation that a party must prove that they are damaged by a JDIS report.

However in document 16, DOJ implies that the plaintiff must prove damages to get

injunctive relief writing

**PLAINTIFFS' REQUEST FOR INJUNCTIVE RELIEF SHOULD BE**

**DENIED....** Plaintiffs have failed to plead any fact, as they must to satisfy Section (g)(1)(D), alleging how the purportedly inaccurate record had an "adverse effect" on them  Case 1:11-cv-01032-JDB   Document 16-1   Filed 07/22/11   Page 15 of 17

Respectfully,

David Sieverding        8/15/2011          Kay Sieverding        8/15/2011
641 Basswood Ave. Verona WI 53593 608 848 5721

12

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

David Sieverding and Kay Sieverding   )
                                       )        11-cv-01032-JDB
v.                                     )
United States Department of Justice    )

Memorandum of points and authorities supporting motion for more definite statement

related to DOJ filings number 16, 21, 22, and 23.

These proceedings are bound by Rule 1: "These rules govern the procedure in all

civil actions and proceedings in the United States district courts, except as stated in Rule 81.

They should be construed and administered to secure the just, speedy, and inexpensive

determination of every action and proceeding."

Rule 8 (b) (2) requires that "A denial must fairly respond to the substance of the

allegation" and Rule 8 (b)(4) requires "A party that intends in good faith to deny only part

of an allegation must admit the part that is true and deny the rest."

In order to secure the just, speedy and inexpensive determination of this action, DOJ

should answer these questions:

1.) Does DOJ still maintain that there was an authorized law enforcement function

supporting its three imprisonments of Mrs. Sieverding without a criminal charge and

if so, what the law enforcement function is and how, when, and where it was

authorized?

2.) Since the USMS FOIPA officer has indicated in the affidavit filed 8/15/2011 that

his office has a record as to what was or was not released to plaintiffs over four

years ago in July 2007, does DOJ still maintain that there was no list of what was

released in July 2007?

13

3.)   Does DOJ agree to "admit" the facts plaintiffs stated in their motion for partial summary judgment which in document 16, DOJ stated were irrelevant but did not state were untrue?

4.)   Does DOJ have screen images of arrest warrants for Mrs. Sieverding that were entered into the Warrant Information Network supporting the three affidavits it filed in 2009?

5.)   Does DOJ maintain that the JABS (Joint Automated Booking System) records could have been litigated in 2009 even though they were not released in 2009?

6.)   How does DOJ assert that 28 CFR 16.101 (t), which limits the scope of Privacy Act exemptions from the JABS, affects the claims given that there is no record of authority for a law enforcement function authorizing arrest and imprisonment for noncriminal contumacious litigation?

7.)   Does DOJ believe that the District of Colorado 02-cv-1950 disputed magistrate's report and recommendation that it cited as Sieverding v. Colorado Bar Assoc 2003 WL 22300218 (D. Colo. 2003) (Doc 16, line 4 page 3) is an opinion or judgment?

8.)   In document 16-1 page 4 line 7-8, DOJ counsel states "she and her husband unleashed a cataract of frivolous lawsuits". Rule 9(b) requires that "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The plain language of rule 9(b) "the party" clearly refers to both defendants as well as plaintiffs. If the plaintiffs were "unleashing" "cataracts" (sic) of "frivolous lawsuits" then is DOJ implying that they filed something that was fraudulent or a mistake? If so, will DOJ be more specific?

9.)   What is the basis of DOJ's authority to claim that a person cannot file under 5 USC section 552a g(1)(D) for Privacy Act violations that involve records about a spouse or a threat to imprison the complaining party?

10.)  Is DOJ asserting that there cannot be liability for conspiracy with a judge?

11.)  In its "OVERVIEW OF THE PRIVACY ACT OF 1974, 2010 EDITION" (http://www.justice.gov/opcl/1974ssnu.htm) DOJ writes ""In fact, two courts of appeals have held that section 7 of the Privacy Act applies exclusively to federal agencies".  Why is DOJ now claiming that section 7(b) does not apply to DOJ?

12.)  Is DOJ claiming that there is no statutory right to be free from imprisonment without a criminal charge?

13.)  Is DOJ claiming that there is no statutory right to an opinion in a federal civil case or to having that opinion be based on truthful findings?

14.)  Since in 1995, DOJ published in the Federal Register that booking was a part of the arrest procedure, is DOJ now claiming that booking is not a part of arrest procedure?

15.)  Since the FBI claims that a final disposition and a sentencing date is required for JDIS records, (See Exhibit GG attached) and DOJ does not have a sentencing date or a final disposition, why is DOJ opposed to expungement of the JDIS records it created on Mrs. Sieverding?

If DOJ will answer these questions promptly, then plaintiffs believe they will be able to write a better response to DOJ's documents 16, 21, and 22.

Respectfully,

David Sieverding      8/15/2011          Kay Sieverding      8/15/2011

641 Basswood Ave. Verona WI 53593 608 848 5721

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

David Sieverding and Kay Sieverding   )
                                      )        11-cv-01032-JDB
v.                                    )
United States Department of Justice   )

Proposed order granting motion for more definite statement of issues in DOJ filings number 16, 21, 22, and 23.

In order to secure the just, speedy and inexpensive determination of this action, DOJ Should answer these questions:

1.) Does DOJ still maintain that there was an authorized law enforcement function supporting its three imprisonments of Mrs. Sieverding without a criminal charge and if so, what the law enforcement function is and how, when, and where it was authorized?

2.) Since the USMS FOIPA officer has indicated in the affidavit filed 8/15/2011 that his office has a record as to what was or was not released to plaintiffs over four years ago in July 2007, does DOJ still maintain that there was no list of what was released in July 2007?

3.) Does DOJ agree to "admit" the facts plaintiffs stated in their motion for partial summary judgment which in document 16, DOJ stated were irrelevant but did not state were untrue?

4.) Does DOJ have screen images of arrest warrants for Mrs. Sieverding that were entered into the Warrant Information Network supporting the three affidavits it filed in 2009?

5.) Does DOJ maintain that the JABS (Joint Automated Booking System) records could have been litigated in 2009 even though they were not released in 2009?

6.) How does DOJ assert that 28 CFR 16.101 (t), which limits the scope of Privacy Act exemptions from the JABS, affects the claims given that there is no record of authority for a law enforcement function authorizing arrest and imprisonment for noncriminal contumacious litigation?

7.) Does DOJ believe that the District of Colorado 02-cv-1950 disputed magistrate's report and recommendation that it cited as Sieverding v. Colorado Bar Assoc 2003 WL 22300218 (D. Colo. 2003) (Doc 16, line 4 page 3) is an opinion or judgment?

8.) In document 16-1 page 4 line 7-8, DOJ counsel states "she and her husband unleashed a cataract of frivolous lawsuits". Rule 9(b) requires that "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The plain language of rule 9(b) "the party" clearly refers to both defendants as well as plaintiffs. If the plaintiffs were "unleashing" "cataracts" (sic) of "frivolous lawsuits" then is DOJ implying that they filed something that was fraudulent or a mistake? If so, will DOJ be more specific?

9.) What is the basis of DOJ's authority to claim that a person cannot file under 5 USC section 552a g(1)(D) for Privacy Act violations that involve records about a spouse or a threat to imprison the complaining party?

10.) Is DOJ asserting that there cannot be liability for conspiracy with a judge?

11.) In its "OVERVIEW OF THE PRIVACY ACT OF 1974, 2010 EDITION" (http://www.justice.gov/opcl/1974ssnu.htm) DOJ writes ""In fact, two courts of appeals have held that section 7 of the Privacy Act applies exclusively to federal agencies". Why is DOJ now claiming that section 7(b) does not apply to DOJ?

12.) Is DOJ claiming that there is no statutory right to be free from imprisonment without a criminal charge?

13.) Is DOJ claiming that there is no statutory right to an opinion in a federal civil case or to having that opinion be based on truthful findings?

14.) Since in 1995, DOJ published in the Federal Register that booking was a part of the arrest procedure, is DOJ now claiming that booking is not a part of arrest procedure?

15.) Since the FBI claims that a final disposition and a sentencing date is required for JDIS records, (See Exhibit GG attached) and DOJ does not have a sentencing date or a final disposition, why is DOJ opposed to expungement of the JDIS records it created on Mrs. Sieverding?


Date                                    Honorable John D. Bates

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

David Sieverding and Kay Sieverding   )
                                       )          11-cv-01032-JDB
v.                                     )
United States Department of Justice    )

Certificate of service of **MOTION FOR MORE DEFINITE STATEMENT OF ISSUES**

**IN DOJ FILINGS NUMBER 16, 21, 22, AND 23.**


I sent a copy of this document by first class mail on 8/15/2011 to

DAVID C. RYBICKI, D.C. Bar #976836
    Assistant United States Attorney
    555 4th St. N.W.
    Washington, D.C. 20530

Kay Sieverding   *Kay Sieverding*   8/15/2011

Exhibit GG
FBI website publication about
CJIS records
Stating that sentencing date is required (GG-2)
And
Nonfinal disposition are
"not posted to a subject's criminal history file"
And
Acknowledging that a court can order expungement of
The entire record (GG-3)



## Fingerprints & Other Biometrics


Home • About Us • CJIS • Fingerprints & Other Biometrics • Arrest Disposition Submission

### Arrest Disposition Submission



**Section I. Introduction**

A Criminal History Record includes an individual's identifiers (descriptive information and fingerprints), arrests and subsequent dispositions. Dispositions are posted to the National Criminal History Record File by the FBI's Criminal Justice Information Services (CJIS) Division. Each criminal arrest for which the CJIS Division has a fingerprint submission should have a disposition.

The FBI defines a disposition as an action regarded by the criminal justice system to be final. A disposition states that arrest charge(s) have been modified, dropped or reports the findings of a court.

Dispositions are submitted by criminal justice agencies and posted to the Criminal History Record to ensure accuracy and completeness. Dispositions are submitted to the CJIS Division by

- State Criminal History Repositories
- Arresting Agencies (Sheriff's Offices, Police Departments, State Police, Correctional Facilities)
- Courts
- Federal Agencies (FBI, Drug Enforcement Agency, Bureau of Alcohol, Tobacco and Firearms, U.S. Marshals, Immigration and Naturalization Service, etc.)

**Importance of Arrest Dispositions**

In every instance where criminal arrest fingerprints have previously been submitted to the FBI, it is imperative that the final disposition be submitted to maintain a complete and accurate Criminal History Record.

A complete Criminal History Record is important to Law Enforcement for investigative purposes. A complete Criminal History Record is also important for non-criminal justice background checks for employment, licensing, adoption, citizenship and firearm purchases. In any of these cases, if a disposition is not present on the applicant's Record, this could prevent or delay finalization of these proceedings.

Many believe that if the disposition information is updated directly to the Interstate Identification Index (III) through the National Crime Information Center (NCIC), it is not necessary to submit this information to the FBI. But, because III is not being used for handling interstate non-criminal justice background checks, such requests continue to be handled by the FBI. For this reason, the FBI's Criminal History Record File must continue to be maintained and kept up-to-date.

**Section II. Arrest Disposition Submission Formats**

Dispositions can be submitted via magnetic tape and compact disk-read only memory (CD-ROM) both by Machine Readable Data (MRD) and paper format (Disposition Forms)

Approximately 95 percent of all dispositions received by the CJIS Division are submitted on MRD tape. States submitting dispositions via MRD tape prepare the disposition information on magnetic tape per specified guidelines established in the *Disposition / Expungement MRD Specifications Manual*. Each tape contains approximately 20,000 dispositions. MRD tapes are mailed to the CJIS Division monthly for processing. The tapes result in automatic updates to Criminal History Records with minimal manual intervention. There is no waiting period for a disposition to be posted once the CJIS Division receives the MRD tape. The information is posted instantaneously when the tape is processed. This means in a matter of hours, several thousand Records will have updated disposition information. MRD results in major savings in personnel resources and faster processing

**MRD Requirements**

Currently, only state agencies can submit dispositions via MRD tape. In order to submit dispositions via MRD tape, the state must meet the following requirements

- Must be a Single Source State —This means that the State Criminal History Repository is the channeling agency for dispositions, expungement requests, corrections, deceased notices and consolidations
- State Criminal History Repository must be the Point of Origin for MRD submission
- Media Types. 3480 Cartridge or 8 mm Tape, or CD-ROM

For more information, contact the FBI at 304-625-5590 and ask for the *Disposition / Expungement MRD*

GG-1

*Specifications Manual*

**Paper Disposition Forms**

Some examples of paper Disposition Forms include

- Court Orders
- Computerized Forms Devised and Approved by the Respective State
- R-84 Final Disposition Report

The R-84 Final Disposition Report is the most commonly used paper Disposition Form. The R-84 is a standard form available through the FBI, free of charge. To order R-84 Final Disposition Report or R-84 Training Forms, contact the FBI at 304-625-3983

**Required Information for the R-84 Final Disposition Report**

**1) Name**

The name submitted on the original arrest fingerprints that established the record. The format is last name followed by a comma, first and middle name, if any. Suffixes denoting seniority (e.g., Jr., Sr., III, etc.) should follow the middle name

**2) Date of Birth (DOB)**

DOB in month, day and year format (e.g. MM/DD/YYYY). If a complete DOB is not known, enter the approximate age of the subject followed by the statement, "Years of Age"

**3) Contributor of Fingerprints**

The name and location of the agency that submitted the original arrest fingerprints

**4) Date Arrested or Received**

Date the subject was arrested by the contributor of the original arrest fingerprints. The format is month, day and year (e.g., MM/DD/YYYY)

**5) Offenses Charged at Arrest**

Express the original arrest charge(s) in literal terms (e.g., murder, rape, robbery, etc.). Numeric arrest codes and U.S. Title Codes are acceptable when accompanied by the literal charge

**6) Final Disposition**

- List all final disposition information, including the sentence date for each charge
- Include amended charges
- Indicate the type of sentence imposed if applicable (e.g., consecutive, concurrent, probation, etc.)
- Number each disposition to correspond with the appropriate charge
- If the subject was convicted or plead guilty to a lesser charge, include the modification with the disposition
- Indicate if a single final disposition applies to all charges listed (e.g., five years prison on charges of burglary and theft)

**7) Submitting Agency**

The Originating Agency Identifier (ORI) number, agency name, city, and state of the submitting agency Also, provide signature, date, and title

The current version of the R-84 Final Disposition Report is dated 8/99. Previous versions of the R-84 required the right fingerprint impressions of the subject. *Fingerprint impressions are no longer required.*

**Other Helpful Information for the R-84 (But Not Required)**

**1) FBI Number**

**2) State Identification Number (SID)**

The SID is an identifying number assigned to the subject of record by the state in which the arrest occurred. Enter SID numbers with no more than ten alphanumeric characters, which includes the state abbreviations

**3) Social Security Number (SOC)**

**Common Reasons Dispositions Could Be Rejected**

**No FBI Record Established for Subject ("Non-Ident") or Date of Arrest Not on File**

In both of these cases, the CJIS Division has not received arrest fingerprints related to the disposition submission  No FBI Record means that the Criminal History Record File does not contain a Record for the subject  No Date of Arrest means there is a Record, but the arrest to which the disposition refers is not on file

**Missing Information**

- No State Criminal History Repository (Identification Bureau) Stamp - Some states require that criminal history documents be processed through the State Criminal History Repository prior to being sent to the FBI  States that process documents through the State Repository will place a State stamp on the document when processing has been completed
- No Disposition Provided or Non-Final Disposition - Examples of Non-Final Dispositions are  bail set, held, hearing date, trial date, charged with  This information is not posted to a subject's Criminal History Record
- No Name or Date of Birth Provided - This information is needed to identify the appropriate Record to post the Disposition
- No Charge Provided - The CJIS Division cannot determine which arrest cycle to associate the disposition, without the original arrest charge
- No Date of Arrest Provided - Without the Date of Arrest it is difficult to determine what arrest cycle the disposition should be associated

**Charge Not in Literal Form**

Numeric arrest codes and U S  Title Codes are acceptable only when accompanied by the literal charge

**Date of Arrest Does Not Match**

**Not Identifying Appropriate Disposition to the Appropriate Charge**

If there are multiple arrest charges on the R-84, it is important to indicate which disposition goes with each charge  Please include any amended charges

**Illegible Handwriting**



**Section III. Court Ordered Expungement**

If a certified or authenticated copy of a court ordered expungement is submitted with the R-84 Final Disposition Report, please check the box "Court Ordered Expungement," on the R-84 Final Disposition Report and attach the court order

An expungement is a deletion of a single arrest or an entire Record  Each state employs unique forms for submitting expungement information to the CJIS Division to ensure the Criminal History Record at the FBI is expunged  However, the following information should be on every expungement request, regardless of the form used

- Name
- Date of birth or FBI number
- Expungement terminology (e g , delete, expunge, purge, etc )
- Date of Arrest
- Charge(s) to be removed
- Copy of court order (in accordance with state guidelines)
- State Bureau Stamp or letterhead (in accordance with state guidelines)

For questions regarding the expungement procedures contact the State Criminal History Repository in the state in which the arrest occurred

**Section IV. Customer Service**

For questions regarding Disposition Submission or how to submit Dispositions via MRD tape, contact the FBI at 304-625-5590 or e-mail your question to Liaison@Leo gov

**To Order R-84 Final Disposition Reports or R-84 Training Forms**

Contact the FBI at (304) 625-3983

**Mailing Address**

Mail paper dispositions or expungements to the following address

FBI Criminal Justice Information Services Division
1000 Custer Hollow Road
Clarksburg, WV 26306

Accessibility | eRulemaking | Freedom of Information Act | Legal Notices | Legal Policies and Disclaimers | Links | Privacy Policy | USA gov | White House
FBI gov is an official site of the U S  Federal Government, U S  Department of Justice

Close