[UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID AND KAY SIEVERDING,

       Plaintiffs,

         v.

UNITED STATES DEPARTMENT OF
JUSTICE,

       Defendant.

Civil Action No.  11-1032 (JDB)

## MEMORANDUM OPINION

Kay and David Sieverding, proceeding pro se, have sued the United States Department of

Justice ("DOJ" or "Department") alleging violations of the Privacy Act, 5 U.S.C. § 552a et seq.,

and several other claims.  In March 2012, the Court granted partial summary judgment to DOJ on

the entirety of the Sieverdings' Privacy Act claims, and denied their cross-motion for partial

summary judgment and array of miscellaneous claims.  See Sieverding v. U.S. Dep't of Justice,

847 F. Supp. 2d 75, 88 (D.D.C. 2012).  Currently before the Court are numerous motions filed by

the Sieverdings, as well as the Department's motion to dismiss and alternative motion for

summary judgment on Sieverdings' Freedom of Information Act ("FOIA") claims, which are the

only claims remaining from the amended complaint.[1]  For the reasons detailed below, the Court

will grant the Department's motion and deny all but one of the Sieverdings' miscellaneous

motions.

_____

[1] The DOJ's initial motion to dismiss and partial motion for summary judgment was not directed to the Sieverdings' FOIA claims set out in paragraphs 155-60 of their amended complaint.  See Def.'s Mot. at 1 n.1 [ECF No. 16].  The DOJ's latest motion now addresses those remaining claims.

## BACKGROUND

Given the Sieverdings' extensive litigation history, and the multitude of opinions relaying the facts and background of this case, that information need not be repeated here. The Sieverdings originally sued dozens of individuals and entities in 2002 for damages arising out of a property dispute with their neighbors. See Sieverding v. Colo. Bar Ass'n, 02-M-1950, 2003 WL 22400218, at *1 (D. Colo. Oct. 14, 2003) ("Sieverding I"). The district court, adopting a magistrate judge's recommendation, dismissed the Sieverdings' complaint in full and the Tenth Circuit affirmed. See Sieverding v. Colo. Bar Ass'n, 469 F.3d 1340, 1342-43 (10th Cir. 2006) ("Sieverding II"). In light of what it described as the Sieverdings' "abusive litigation practices," the district court also imposed filing restrictions on the Sieverdings. Id. at 1344-45 (affirming filing restrictions in part). Kay Sieverding apparently failed to comply with these filing restrictions, and was arrested and jailed for civil contempt several times between 2005 and 2007. See id. at 1343; Sieverding v. Colo. Bar Ass'n, 244 Fed. Appx. 200, 205 (10th Cir. 2007). In this case, as they have before, the Sieverdings allege dozens of Privacy Act and other violations stemming from their arrests and incarcerations.[2] See Sieverding v. Am. Bar Ass'n, 439 F. Supp. 2d 111 (D.D.C. 2006) ("Sieverding III");  Sieverding v. U.S. Dep't of Justice, 693 F. Supp. 2d 93

---

[2]  The number of cases brought by the Sieverdings arising out the 1992 property dispute is too many to mention. Indeed, they have filed dozens of cases in federal court over the years, many frivolous or even sanctionable. See, e.g., Sieverding v. Colo. Bar Ass'n, 310 Fed. Appx. 229, 232 (10th Cir. 2009) ("This appeal is frivolous and represents another example of the Sieverdings' abusive litigation practices."); Sieverding v. Colo. Bar Ass'n, 126 Fed. Appx. 457, 459 (10th Cir. 2005) (describing the "Herculean" feat of a magistrate judge in "ma[king] as much sense as possible of [the Sieverdings'] numerous complaints and amended complaints"); Sieverding v. Am. Bar Ass'n, 469 F. Supp. 2d 224, 229 n.4 (D.D.C. 2006) ("Sieverding IV") (declaring "[f]or its part, this court's involvement in these frivolous cases is finished"); Sieverding V, 693 F. Supp. 2d at 101 n.3 (describing Sieverdings' filings "totaling well over a thousand pages" and "the literally dozens of 'claims'" that were "cryptic and incomprehensible").

(D.D.C. 2010) ("Sieverding V").  On March 25, 2011, the Sieverdings filed a suit raising the

same issues as addressed here, but they later voluntarily withdrew their claims.  See Sieverding v.

Dep't of Justice, Civ. Act. No. 11-90 (D.D.C.).  This action then was filed, and the Court has

dismissed most of the Sieverdings' claims.  See Sieverding v. U.S. Dep't of Justice, 847 F. Supp.

2d 75, 88 (D.D.C. 2012) ("Sieverding VI").  The Department has now filed a motion to dismiss

or, in the alternative, for summary judgment to address the remaining FOIA claims.  The

Sieverdings have also sought to file another amended complaint, and have filed several

miscellaneous motions.

## STANDARD OF REVIEW

Because the Department has offered affidavits and exhibits in support of its motion, and

the Sieverdings have filed voluminous documentation to support their position, the Court will

treat the Department's motion as one for summary judgment.  When, on a motion to dismiss,

"matters outside the pleadings are presented to and not excluded by the court, the motion must be

treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a

reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P.

12(d); see also Yates v. District of Columbia, 324 F.3d 724, 725, (D.C. Cir. 2003).

Summary judgment is appropriate when the pleadings and the evidence demonstrate that

"there is no genuine issue as to any material fact and that the movant is entitled to judgment as a

matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the initial

responsibility of demonstrating the absence of a genuine dispute of material fact.  See Celotex

Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The moving party may successfully support its

motion by identifying those portions of "the pleadings, the discovery and disclosure materials on

file, and any affidavits" that it believes demonstrate the absence of a genuine issue of material

fact.  Fed. R. Civ. P. 56(c); <u>see</u> <u>Celotex</u>, 477 U.S. at 323.

In determining whether there exists a genuine issue of material fact sufficient to preclude

summary judgment, the court must regard the non-movant's statements as true and accept all

evidence and make all inferences in the non-movant's favor.  <u>See</u> <u>Anderson v. Liberty Lobby,</u>

<u>Inc.</u>, 477 U.S. 242, 255 (1986).  A non-moving party, however, must establish more than the

"mere existence of a scintilla of evidence" in support of its position.  <u>Id.</u> at 252.  By pointing to

the absence of evidence proffered by the non-moving party, a moving party may succeed on

summary judgment.  <u>Celotex</u>, 477 U.S. at 322.  "If the evidence is merely colorable, or is not

significantly probative, summary judgment may be granted."  <u>Anderson</u>, 477 U.S. at 249-50

(citations omitted).  Summary judgment is appropriate if the non-movant fails to offer "evidence

on which the jury could reasonably find for the [non-movant]."  <u>Id.</u> at 252.

## ANALYSIS

As this Court previously observed, the Sieverdings' pleadings are "verbose, prolix and

virtually impossible to understand." <u>Sieverding V</u>, 693 F. Supp. at 101 (citing and quoting

<u>Sieverding I</u>, 2003 WL 22400218, at *1); <u>Sieverding VI</u>, 847 F. Supp. 2d at 81 (same).  And at

the outset, the Court again notes that David Sieverding lacks standing to sue on behalf of his wife

because "ordinarily, a plaintiff 'must assert his own legal interests, rather than those of third

parties.'" <u>See</u> <u>Sieverding VI</u>, 847 F. Supp. 2d at 81 (internal citations omitted).  Accordingly, any

reference hereafter to "Sieverding" or defendant is to Kay Sieverding.

## I.   FOIA Claims

Sieverding's FOIA claims are found in paragraphs 155 to 160 of her amended complaint

and are made against the Department with respect to records she sought from the United States

Marshals Service ("USMS"), the Executive Office for United States Attorneys ("EOUSA"), and

the FBI.  See Am. Compl. ¶¶ 155-60 [ECF No. 5].  Sieverding asserts first that she is entitled to

"a list and description of information provided by USMS" in response to her FOIA requests from

2007.  Id. ¶ 155.  She further complains that she was not provided information she requested

from the FBI, USMS, and EOUSA regarding her arrest and detention. Id. ¶¶ 156-60.  DOJ

argues that dismissal of all these claims is warranted on exhaustion and mootness grounds.

Specifically, DOJ claims that Sieverding's FOIA claims regarding searches conducted by USMS

and EOUSA should be dismissed because they have not been administratively exhausted and that

Sieverding's FOIA claim against the FBI should be dismissed as moot because the FBI has

responded to her requests and produced all responsive documents.

     A.    Exhaustion

DOJ claims that all of Sieverding's FOIA claims warrant dismissal because she has either

failed to administratively exhaust them or they are moot.  This Court agrees.  "Exhaustion of

administrative remedies is generally required before filing suit in federal court so that the agency

has an opportunity to exercise its discretion and expertise on the matter and to make a factual

record to support its decision." Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 61 (D.C. Cir. 1990)

(citing McKart v. United States, 395 U.S. 185, 194 (1969)).  The exhaustion requirement allows

an agency to correct mistakes, obviating unnecessary judicial review.  Id.  Although the

exhaustion requirement under FOIA is not jurisdictional, judicial review is precluded under

FOIA as a jurisprudential matter because "'the purposes of exhaustion' and the 'particular

administrative scheme' support such a bar." Hidalgo v. FBI, 344 F.3d 1256, 1259 (D.C. Cir.

2003) (citing and quoting <u>Oglesby</u>, 920 F.2d at 61); <u>see also Oglesby</u>, 920 F.2d at 61-62 ("Courts

have consistently confirmed that the FOIA requires exhaustion of this appeals process before an

individual may seek relief in the courts.") (citations omitted). DOJ requires that an administrative

appeal be filed with the Office of Information and Privacy ("OIP") within sixty days to satisfy the

exhaustion requirement. <u>See</u> 28 C.F.R. § 16.9(a) & (c).

      1.    *USMS*

    Sieverding submitted requests for information to the USMS in June 2007 seeking

documents relating to her detention. <u>See</u> Attach. A [ECF No. 52-3].  USMS responded to these

requests in July 2007.  <u>See</u> Attach. D [ECF No. 52-3]. USMS located 198 responsive pages and

released all but one page, which was withheld pursuant to FOIA exemptions 2 and(7)(C).  <u>Id.</u>

USMS informed Sieverding of her right to appeal.  <u>Id.</u>  However, Sieverding did not appeal the

USMS response to her FOIA request. <u>See</u> Attach. A, Declaration of Priscilla A. Jones ¶ 2 (July

10, 2012) [ECF No. 52-6].  This claim, then, is clearly unexhausted and should be dismissed.

    In April 2011, Sieverding also requested that USMS provide her with a list of documents it

had released to her in July 2007, Attach. F [ECF No. 52-3], which USMS denied on the basis that

DOJ regulations did not require that this information be provided.  <u>Id.</u>  Sieverding appealed that

denial to OIP.  <u>See</u> Attach. G [ECF No. 52-3].  Prior to OIP's receipt of Sieverding's appeal,

Sieverding filed this lawsuit, which included her FOIA claims against USMS.  Her amended

complaint before this Court challenges USMS's failure to provide her a list of documents that had

been released pursuant to her FOIA request from June 2007, as well as USMS's purported failure

to provide her documents related to her arrest and the nature of her charges. Am. Compl. ¶¶ 155-

57.  On August 14, 2011, OIP advised Sieverding that it was closing her appeal because of her

lawsuit in this Court.  See Attach. H [ECF No. 52-3].

Although Sieverding did administratively appeal USMS's denial of her request that it

provide a list of documents it had produced to her, she also commenced this lawsuit

contemporaneously with that appeal.  Hence, OIP never had an opportunity to respond or redress

any grievances raised by Sieverding's appeal before she raised the same claims before this Court.

To allow Sieverding to pursue her claim against USMS in federal litigation would undermine

DOJ's process for resolving such FOIA claims. See Antonelli v. Fed. Bureau of Prisons, 569 F.

Supp. 2d 61, 65 (D.D.C. 2008) ("[T]o proceed on a claim where the agency has not had the

opportunity to act would not only undercut the exhaustion requirement but would also encourage

circumvention of the administrative process simply by filing a lawsuit."). Hence, that claim, too,

will be dismissed for failure to exhaust.[3]

      2.     *EOUSA*

For the same reasons, Sieverding's FOIA claims against the EOUSA also warrant

dismissal on exhaustion grounds.  Sieverding submitted a FOIA request to EOUSA in November

2010, seeking all records from the U.S. Attorney's Office for the Western District of Wisconsin

relating to herself as well as her complaints.  Attach. A [ECF No. 53-1].  EOUSA sent

Sieverding a written acknowledgment of the request and informed her that, based on the scope of

the request, EOUSA would require up to nine months to process it. See Attach. B [ECF No. 53-

1].  EOUSA ultimately completed its search and concluded that the records sought by Sieverding

---

[3] The Sieverdings earlier moved for a court order to have the DOJ "provide a list of the
documents released to Plaintiffs in July 2007" pursuant to FOIA, see ECF No. 20.  The Court
denied that motion, because the DOJ asserted that it had no such list, nor did DOJ have an
obligation to generate such a list.  See Sieverding VI, 847 F. Supp. 2d at 88 (citing Krohn v.
Dep't of Justice, 628 F.2d 195, 197-98 (D.C. Cir. 1980)).

were located in a system of records that were exempt from the access provisions of the Privacy Act.  Attach. C [ECF No. 53-1].  But EOUSA also processed Sieverding's request under FOIA and subsequently released seventy-six pages of responsive information, and withheld 15 pages in full and portions of other documents pursuant to FOIA exemptions.  See id.  Again, Sieverding was informed that she could appeal EOUSA's decision to OIP, id., which she did.  That appeal was received on June 2, 2011.  See Attach. D [ECF No. 53-1].  However, as with her appeal regarding USMS records, Sieverding filed her case in this Court around the time she appealed to OIP regarding EOUSA's search.  Hence, without having an opportunity to address the merits of Sieverding's appeal, OIP closed it because of Sieverding's lawsuit in this court.  Attach. E [ECF No. 53-1].

Sieverding also filed six FOIA requests with EOUSA in May and June 2011 relating to information she sought from the U.S. Attorney's Office for the District of Colorado.  One of these requests was for a "DOJ copy" of an email Sieverding sent to John Walsh in the U.S. Attorney's Office in April 2011 "and any follow up notes or response." Attach. F [ECF No. 53-1].  EOUSA notified Sieverding that it searched for the requested record, and found no responsive documents. Attach. H [ECF No. 53-1]. Sieverding filed an administrative appeal to this decision as well, but, as with the others, OIP eventually closed the appeal because of Sieverding's litigation on the FOIA claims in this Court.  Attach. K [ECF No. 53-1].

Sieverding's other FOIA requests were closed because she failed to pay the requisite search fees. Sieverding expended the two hour complimentary search time accorded to her under the Freedom of Information Act and incurred additional search charges of $105.00 after 3.75 hours of additional time was expended on her FOIA requests.  Attach. N [ECF No. 53-1].  She

was advised to inform the Department whether she intended to pay the fees, and to do so within

30 days; otherwise, her requests would be closed.  Id.  The letter also stated that this was "the

final action" on Sieverding's FOIA requests, and that she could appeal the decision to OIP within

60 days. She did not pay the fee or seek a fee waiver.  Attach. W, Decl. of David Luczynski ¶¶

17, 20, 23, 25, 27 (July 12, 2012) [ECF No. 53-1].

        Sieverding spends much effort challenging DOJ's contention that she failed to exhaust her

FOIA claims against EOUSA due to her non-payment of fees.  For FOIA requests, an agency can

assess fees for the search and duplication of documents, and can require advance payment from

the requester before processed records are released.  5 U.S.C. § 552(a)(4)(A); see also 28 C.F.R.

§§ 16.3, 16.11. Exhaustion of remedies "does not occur until the required fees are paid or an

appeal is taken from the refusal to waive fees." Banks, 538 F. Supp. 2d at 233 (quoting Oglesby,

920 F.2d at 66).  In addition, "commencement of a civil action pursuant to the FOIA does not

relieve a requester of his obligation to pay any assessed fees." Cole v. Dep't of Justice, --- F.

Supp. 2d ----, 2012 WL 5942170, at *3 (D.D.C. 2012) (citing and quoting Chaplin v. Stewart,

796 F. Supp. 2d 209, 211 (D.D.C. 2011)).  Because Sieverding never requested a fee waiver, and

had not paid for additional search time, her FOIA requests were closed.  See Attach. W, Decl. of

David Luczynski ¶¶ 20, 21 & 27 (July 12, 2012) [ECF No. 53-1].

        Sieverding claims that she was never given a separate invoice for the search fees and that,

because her requests were made under the Privacy Act, search fees were not permitted.  See Pl.'s

Stmt. of Material Facts in Support of Response to DOJ Mot. for Summ. J. ¶ 4 [ECF No. 55]; Pl.'s

Mem. of Law in Response to DOJ Mot. for Summ. J. at 45.  But DOJ was not required to prepare

separate invoices to Sieverding, who had written notice that fees could be assessed.  Letters

confirming receipt of her requests clearly stated that she would be responsible for certain costs.

See, e.g., 28 C.F.R. § 16.3 ("If you make a FOIA request, it shall be considered an agreement by

you to pay all applicable fees."); Attachs. B, G, M, P, R [ECF No. 53-1] ("[Y]ou have agreed to

pay fees up to $25, as stated in 28 CFR § 16.3, unless you have requested a fee waiver . . . . If we

anticipate that fees will exceed $25 . . . we will normally notify you of our estimate . . . . After we

have received your agreement to pay . . . we will require payment for the accumulated charges

before we release documents to you.  Without such payment, your request file will be closed

without further action.").

    Although the Department concedes that, as a general matter, Sieverding "should not be

charged for search fees pursuant to the Privacy Act,"  Def.'s Reply at 7, Sieverding's requests

were also made under FOIA.  EOUSA concluded that the records Sieverding sought were

exempted from release under the Privacy Act pursuant to 5 U.S.C. § 552a(j)(2); but it also

proceeded to process her requests under FOIA, which allows for search fees to be assessed.  See

5 U.S.C. § 552(a)(4)(A)(i); 28 C.F.R. § 16.1 et seq.; see also Banks, 237 F. Supp. 2d at 235, 237

(plaintiff requested records for information about himself under both FOIA and Privacy Act;

summary judgment was granted to defendants for plaintiff's failure to exhaust FOIA and Privacy

Act claims due to non-payment of search fees).  It is undisputed that Sieverding had notice of the

search and duplication fees, and that she received communication stating that such fees were

owed. See Pl.'s Stmt. of Material Facts in Support of Response to DOJ Mot. for Summ. J. ¶ 3

[ECF No. 55].  She also labeled some of her requests for information as "FOIA" requests. See,

e.g., Attachs. S & U.  Ultimately, there is no indication that Sieverding sought a fee waiver, or

ever appealed EOUSA's response regarding fees to OIP, or took any other action with respect to

those fees.  Accordingly, her claims against EOUSA are dismissed for failure to exhaust.[4]

      B.      <u>Mootness</u>

Finally, Sieverding's FOIA claims against the FBI are dismissed as moot.  In September

2011, the FBI released 120 pages of documents responsive to Sieverding's FOIA requests.  These

were released in their entirety. Attach. D [ECF No. 52-5].  Sieverding has not appealed the FBI's

response and has not asserted that the FBI's search was inadequate; nor has she addressed

defendants' argument that her claim is now moot.  <u>See</u> Attach. A, Decl. of Priscilla A. Jones ¶ 2

(July 10, 2012) [ECF No. 52-6] (indicating no appeal filed with OIP regarding the FBI's

response); Def.'s Reply at 9-10 (noting Sieverding's failure to address defendant's mootness

argument regarding her FOIA claim against the FBI).  Hence, the FOIA claims against the FBI

will be dismissed.

## II.    <u>Miscellaneous Motions</u>

Sieverding has also filed numerous motions, most of which involve an attempt, in one

form or another, to re-litigate her Privacy Act claims.  Some of these motions have been mooted.

All of the motions will be denied.

      A.      <u>Motion for Leave to Amend Complaint</u>

Sieverding has made three motions for leave to file amended complaints. Two of those

motions [ECF Nos. 39, 42] have been withdrawn; hence, the Court will grant the motion to

withdraw her proposed amended complaint [ECF No. 41] docketed at ECF No. 39, and deny the

---

[4] Sieverding contends throughout her submissions that she was not required to exhaust her administrative remedies under the Privacy Act.  However "a Privacy Act requester must exhaust administrative remedies before bringing suit against an agency for access to agency records pertaining to him." <u>Banks v. Dep't of Justice</u>, 538 F. Supp. 2d 228, 233 (D.D.C. 2008) (citing <u>Haase v. Sessions</u>, 893 F.2d 370, 373 (D.C. Cir. 1990)).

pending motion to amend, ECF No. 42, as moot. As to her latest request to amend the complaint, that motion will be denied on its merits.

Sieverding's latest proposed amended complaint again challenges record-keeping practices and access to certain information under the Privacy Act relating to her arrest and detention.  She continues to argue that the various record-keeping systems were intended to keep track of criminal proceedings and/or criminal defendants only, but were improperly used for Sieverding, who had been detained on civil contempt charges. Proposed Am. Compl.¶¶ 107-27 [ECF No. 62].

The decision to grant or deny leave to amend "is committed to the sound discretion of the district court." Stoaddard v. District of Columbia, 764 F. Supp. 2d 213, 220 (D.D.C. 2011) (internal citations omitted and quotations omitted).  While leave to amend a complaint should be freely granted when justice so requires, Fed. R. Civ. P. 15(a)(2), the Court may deny a motion to amend if the amendment would be futile.  See Foman v. Davis, 371 U.S. 178, 182 (1962); James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C.Cir.1996).  "An amended complaint is futile if it merely restates the same facts as the original complaint in different terms . . .  or could not withstand a motion to dismiss." Robinson v. Detroit News, Inc., 211 F. Supp. 2d 101, 114 (D.D.C.2002) (citation omitted).

Amendment would certainly be futile here. Sieverding's latest proposed amended complaint is premised on the same facts and circumstances that have been litigated before, both in this action and in other actions.  Indeed, the Court's prior opinion on this subject explained at great length why Sieverding's claims are barred on res judicata grounds. See Sieverding VI, 847 F. Supp. 2d at 82 (citing Sieverding V and its analysis of Sieverding's  Privacy Act claims based

on her arrest and detention).  In addition, "[d]espite the liberality of the standard for granting leave to amend, there is no doubt that a district court has the discretion to deny a plaintiff leave to amend his or her complaint to add claims already dismissed." Haynes v. Navy Fed. Credit Union, 282 F.R.D. 17, 20 (D.D.C. 2012) (citing Krantz v. Prudential Investments Fund Mgmt., LLC, 305 F.3d 140, 144 (3d Cir. 2002).  The Court has already addressed and rejected the merits of Sieverding's Privacy Act claims.  Therefore, any new Privacy Act claims that Sieverding would raise through another amended complaint would be unavailing.

Ultimately, Sieverding "cannot keep this case alive indefinitely by shifting [her] legal theories at the last minute." See Price v. Unite Here Local 25, --- F. Supp. 2d ----, 2012 WL 3255063, at *6 (D.D.C. 2012) (citing Equity Group, Ltd. v. Painewebber, Inc., 839 F. Supp. 2d 930, 932 (D.D.C. 1993)).  Although Sieverding now attempts to cite different provisions of the Privacy Act for purported violations by DOJ, and different aspects of DOJ's purported misconduct with respect to her arrest and detention,[5] these "new" claims essentially repeat the same claims that Sieverding has already unsuccessfully litigated.  And she had numerous opportunities to raise these claims in prior litigation, but failed to do so.  Accordingly, Sieverding's motion to file another amended complaint will be denied.

B.   Sieverding's motion for partial summary judgment and motion for production of documents

Because the Court previously found that DOJ is not liable under the Privacy Act,

---

[5] Specifically, Sieverding argues that DOJ's use of PTS records as applied to her was incompatible with the record system's description in the Federal Register because PTS was intended for criminal proceedings only. She also complains that DOJ did not comply with certain suggestions by the Office of the Inspector General to improve the accuracy of PTS records and data, raises claims dealing with the failure "to require an AO 472 form or other . . . order before detaining unconvicted prisoners," and attacks the accuracy of certain record systems.

Sierverding's motion for partial summary judgment [ECF No. 45] on that basis will be denied.

Sieverding claims that she should be able to argue that DOJ is liable under 5 U.S.C. §

552a(e)(4)(I) of the Privacy Act. See Pl.'s Mot. for Partial Summ. J. [ECF No. 45]; Pl.'s Mot. to

Accept New Proposed Compl. [ECF No. 62]; Pl.'s Mot. for Relief From the 09-0562 and 11-

01032 Judgments or Opinions [ECF No. 70].  She again asserts, as she does in her proposed

amended complaint, that because DOJ published in the Federal Register that the categories of

records included in the Prisoner Population Management System and  Prisoner Tracking System

are records that are related to criminal proceedings, it violated § 552a(e)(4)(I) of the Privacy Act

because she was not criminally charged. Pl.'s Stmt. of Material Facts Supporting Mot. for Partial

Summ. J. ¶¶ 3-15.  She also seeks again to challenge the Court's prior ruling that PPMS and PTS

are exempt under the Privacy Act.  See Pl.'s Mem. of Law Supporting Mot. for Partial Summ. J.

at 19-20.

Sieverding argues that the Court should not be barred from deciding her motion for

partial summary judgment because the Court did not issue a ruling on this provision of the

Privacy Act in prior litigation.  See Pl.'s Mem. of Law Supporting Mot. for Partial Summ. J. at

16-17.  However, much of the same reasoning under which the Court denied Sieverding's motion

for leave to file her proposed amended complaint applies here.  Insofar as she now raises another

provision of the Privacy Act as the basis for her claim, that claim is barred.

Sieverding's motion for production of documents [ECF No. 56] rehashes her FOIA and

Privacy Act claims, and again takes issue with what documents have and have not been

produced, as well as DOJ's purported misrepresentations regarding search fees and access to

records.  However, the Court has already found that Sieverding failed to exhaust these

challenges.  Therefore, the motion for court order for production of documents will be denied.

      C.     <u>Motion for Relief from Judgments or Opinions Entered in Civil Actions Nos. 09–652 and 11-1032</u>

Sieverding's "Motion for relief from the 09-0562 and 11-01032 judgments or opinions" [ECF No. 70] is also infirm.  She echoes her previous assertions that the PTS and JABS record-keeping systems were "used without a criminal charge," and that DOJ misrepresented the purpose of PTS and JABS in the Federal Register and to the Court.  Pl.'s Mem. of Law Supporting Mot. for Relief at 7-9.  Accordingly, Sieverding claims that the opinions in Civil Action 09-562 and this Court's March 2012 opinion in this case "should be abandoned." <u>Id.</u> at 8-9.

Rules 59(e) and 60(b) each permit courts to amend or grant relief from judgments.  <u>See</u> Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); Fed. R. Civ. P. 60(b) ("the court may relieve a party or its legal representative from a final judgment, order, or proceeding" under certain circumstances). Sieverding does not mention either rule as the basis for her motion.  However, liberally construing her <u>pro se</u> motion as being brought under both Rule 59 and Rule 60, her arguments are nonetheless meritless.

With respect to Rule 59(e), Sieverding's motion is clearly untimely as to Civil Action No. 09-0562. <u>See</u> Fed. R. Civ. P. 59(e) (requiring filing within 28 days).[6]  In addition, "[m]otions to alter or amend a judgment under Rule 59(e) are not to be used to relitigate matters already argued

---

      [6] Rule 59(e), which applies to "final judgments," does not appear applicable to Sieverding's "motion for relief" from the Court's prior orders in this case.  <u>See</u> <u>Holland v. Valley Servs.</u>, 845 F. Supp. 2d 220, 222 (D.D.C. 2012)

and disposed of; they are intended to permit the court to correct errors of fact appearing on the face of the record, or errors of law." Hammond v. Kempthorne, 448 F. Supp. 2d 114, 118 (D.D.C. 2006) (internal quotation marks omitted).  "Rule 59(e) motions need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Anyanwutaku v. Moore, 151 F.3d 1053, 1057-58 (D.C. Cir. 1998) (internal quotation marks omitted).  They "are disfavored and should be granted only under extraordinary circumstances." N.Y.C. Apparel F.Z.E. v. U.S. Customs & Border Prot. Bureau, 618 F. Supp. 2d 75, 76 (D.D.C. 2009) (internal quotation marks omitted).   None of these requirements are met here.

Similarly, Rule 60(b) provides for relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

A motion under Rule 60(b)(6) should only be used in "extraordinary circumstances." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993); see also Kramer v. Gates, 481 F.3d 788, 792 (D.C. Cir. 2007) (the remedy should be "sparingly used"). Pursuant to Rule 60(b), a court, in its discretion, may relieve a party from a final judgment, order, or proceeding for certain enumerated reasons. Lepkowski v. U.S. Dep't of Treasury, 804 F.2d 1310, 1312 (D.C. Cir. 1986).  The party seeking such relief bears the burden of showing it is warranted. See Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec., 811 F. Supp. 2d 216, 226 (D.D.C.

2011) (internal citation omitted).

Sieverding appears to rely on Rule 60(b)(3) in claiming that DOJ misrepresented the purposes of the Prisoner Tracking System and the Joint Automated Booking System because both systems had been "used without a criminal charge." Pl.'s Mem. of Law Supporting Mot. for Relief at 8-9. "In order to prevail on a motion under Rule 60(b)(3), plaintiff must show actual prejudice . . . ." Munoz v. Bd. of Trustees of Univ. of Dist. of Columbia, 730 F. Supp. 2d 62, 70 (D.D.C. 2010).  A movant must show that "such 'fraud' prevented him or her from fully and fairly presenting his or her case and that the fraud is attributable to the party or, at least, to counsel." Electronic Privacy Information Ctr., 811 F. Supp. 2d at 226 (citing and quoting Richardson v. Nat'l R.R. Passenger Corp., 150 F.R.D. 1, 7 (D.D.C. 1993) (internal quotations omitted)).  Rule 60(c) also requires a motion to be made "within a reasonable time," which is defined by the rule as "no more than a year after the entry of the judgment or order or the date of the proceeding."

As with Rule 59(e), any attack on the Court's decision in Civil Action No. 09-562 under Rule 60(b) is now untimely.  The Court granted the Department's motion to dismiss, or, in the alternative, for summary judgment in March 2010 and denied Sieverding's motion for reconsideration a month thereafter. See Sieverding v. U.S. Dep't of Justice, Civ. Action No. 09-562, Order [ECF No. 57]; Mem. Op. & Order [ECF No. 67].  The D.C. Circuit affirmed this Court's decision on October 20, 2010, which was over two years ago.  See Order of U.S. Court of Appeals, Case No. 10-5149 (Oct. 19, 2010) [ECF No. 78].  Moreover, Sieverding has not demonstrated that DOJ committed any fraud or concealment that would permit the Court to relieve Sieverding from its previous Privacy Act rulings in either the prior action or this action.

Accordingly, the motion will be denied.[7]

       D.    <u>Other Miscellaneous Motions</u>

Finally, Sieverding makes several other miscellaneous motions, accompanied by hundreds of pages, many of which are confusing, incomprehensible, and repetitive.  As to her motion to adduce affidavit, additional evidence, and arguments in opposition to DOJ filings 52 and 70 [ECF No. 73], this motion merely reiterates the same arguments reflected in her numerous other motions.  To the extent that the motion is construed as one for leave to file a supplemental memorandum to her opposition to DOJ's motion to dismiss or for summary judgment, the Court will grant that motion.  To the extent that the motion raises new claims, or was filed for any other purpose, it will be denied.

Moreover, Sieverding's motion to expedite [ECF No. 65] and motion to use existing ECF account [ECF No. 66], will both be denied as moot, given the Court's resolution of this case. Her "Motion for Clarification of System of Records Referred to in Document 53-1 p.7" [ECF No. 74] seeks to compel DOJ to identify the system of records referred to in EOUSA's reply to Sieverding's FOIA request.  <u>See</u> Attach. C [ECF 53-1]. Specifically, she claims that EOUSA's withholding of fifteen pages in their entirety was done based on a "Privacy Act exemption" but that DOJ had not identified the system of records involved.  Sieverding also speculates on the nature of the withheld documents, claiming that she believes that these fifteen pages are a report

---

[7] Sieverding recently sought leave to file additional motions in this case and in Civil Action No. 09-0562.  She requested leave to submit an attached statement of facts "for judicial notice under Rule 201," to strike a document filed at ECF No. 8-1 in Civil Action No. 09-0562 and to "find DOJ in default."  It is clear from a review of Sieverding's submissions that they raise the same arguments as her previous motions and filings that were already presented to the Court, and are similarly without merit.  Hence, the Court will deny leave to file the additional motions in this case and in Civil Action No. 09-0562 because that case is closed.

from the U.S. Attorney for Colorado "and his reasons for not prosecuting plaintiff" for criminal

contempt. See Pl.'s Mem. of Law Supporting Mot. for Clarification of Systems of Records at 1.

This motion essentially attacks the sufficiency of EOUSA's response to Sieverding's FOIA

request.  But as already discussed, this claim was not exhausted.  Any issues Sieverding had with

respect to the adequacy of the search, her entitlement to those fifteen pages or the identity of their

origin should have first been raised at the administrative level.  Accordingly, the motion for

clarification will be denied.

## CONCLUSION

For the foregoing reasons, the Court will grant the Department's motion to dismiss or in

the alternative for summary judgment.  It will deny Sieverding's motion for partial summary

judgment and her motions to amend, and will grant Sieverding's motion to withdraw one of her

proposed amended complaints.  Finally, it will deny all the other pending motions that have been

filed by Sieverding, with the exception of the motion to adduce affidavit, additional evidence,

and arguments in opposition to DOJ's filings, which if construed as a motion to submit a

supplemental memorandum and to supplement the record is granted.  For any other purpose, that

motion will be denied.  Having dismissed Sieverding's last remaining claims, the case is now

dismissed in its entirety.  A separate order accompanies this Memorandum Opinion.

**SO ORDERED.**

_____/s/_____
JOHN D. BATES
United States District Judge

Dated: December 19, 2012